**In re Richard Russell SYLVESTER and Irene Lehman Sylvester, Debtors.**

**Richard Russell SYLVESTER and Irene Lehman Sylvester, Appellants,**

v.

**DOW JONES AND COMPANY, INC., Financial Collection Agencies Ltd. of California, and Tait Appraisal Company, Appellees.**

**BAP No. CC–81–1058HKV.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Oct. 22, 1981.

Decided Feb. 9, 1982.

Richard R. Sylvester, Culver City, Cal., for appellants.

Marshall Goldberg, Tilles, Greenberg & Webb, Los Angeles, Cal., for Tait Appraisal.

Rex S. Heinke, Gibson, Dunn & Crutcher, Los Angeles, Cal., for Dow Jones and Co., Inc.

Before HUGHES, KATZ and VOLINN, Bankruptcy Judges.

## OPINION

HUGHES, Bankruptcy Judge:

Richard Sylvester appeals from two orders, one determining the amount of a claim and other finding him ineligible for relief under Chapter 13 of the Bankruptcy Code. He does not challenge the fact his case was converted to Chapter 7 rather than dismissed. We affirm both orders.

## I

In seeking relief under Chapter 13, Mr. Sylvester conceded he had non-contingent and liquidated unsecured debt of $93,311 in addition to "unliquidated and disputed" debt of $307,057. He also conceded that he would be ineligible for Chapter 13 relief if his non-contingent, liquidated unsecured debt exceeded $100,000 as of the commencement of his case. 11 U.S.C. § 109(e).

After considering a series of defenses, counter-claims and cross claims, the bankruptcy court fixed the claim held by the assignee of Dow Jones and Company, Inc., publisher of the Wall Street Journal, in the amount of $105,688. By a separate order, the court found Sylvester ineligible for Chapter 13. Sylvester appeals both orders.

As to the second order, he argues: 1. The Dow Jones claim was unliquidated on the date of filing of the petition because it was disputed and because it was subject to offsets and counterclaims. 2. The order establishing the amount of Dow Jones' claim liquidated the debt as of the date of the order, not the date of filing. We turn first to the appeal of this order.

## II

The controlling statutory provision is 11 U.S.C. § 109(e): "Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 . . . may be a debtor under chapter 13 of this title."

### A.

Although the Code does not define either *contingent* or *liquidated*, it does define *claim* in 11 U.S.C. § 101(4)(A) as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . ." A debt is the liability on a claim. 11 U.S.C. § 101(11).

It is thus apparent that, under the Bankruptcy Code and for purposes of Chapter 13 eligibility, (1) the words *disputed,*

*contingent* and *unliquidated* have different meanings, and (2) that disputed unsecured debt is not excluded when determining whether the $100,000 limitation is exceeded. Put differently, the quoted sections evidence Congressional intent to make individuals who owe, at the commencement of the case, unsecured debt in excess of $100,000 ineligible for Chapter 13 even though the debtor disputes all or part of that indebtedness. Only contingent or unliquidated debt is excluded from the computation.

█ It is also apparent that the court must determine the liquidated amount of any disputed claim prior to making the computation required by section 109(e). Otherwise, the federal court jurisdiction would depend on the accuracy and good faith of both creditors and debtors. Experience teaches that accuracy, at least, is elusive.

This, of course, is what the trial court did and, in our view, the only thing it could do.

B.

█ Sylvester argues, however, that the fact the judge had to take evidence demonstrates that, until then, the claim was unliquidated. This argument has superficial appeal because it is customary to speak of a trial as liquidating a claim. However, there are different uses of the term by the courts, particularly in the field of bankruptcy. A meaning that is consistent with the Code is found in a Bankruptcy Act case, *In re Bay Point Corp.*, 1 B.C.D. 1635 (D.N.J.1975):

> The concept of liquidation has been variously expressed. The common thread ... has been ready determination and precision in computation of the amount due.... Some cases have stated the test as whether the amount due is capable of ascertainment by reference to an agreement or by simple computation.

Under this approach, contract debts (even though disputed) are considered liquidated and tort claims are not. "[T]he theory on which claims have been held insufficient is that they were open, unliquidated claims (e.g., tort or quantum meruit claims requiring proof as to liability, reasonable value, damages, etc.) which by their very nature

are not fixed until juridical award to fix liability and amount." *Denham v. Shellman Grain Elevator, Inc.*, 444 F.2d 1376, 1380 (5th Cir. 1971).

Dow Jones' claim was readily ascertainable in at least three ways: first, from the underlying contract coupled with knowledge of the orders placed; second, from the invoices; and third from the cumulative monthly billings, which the court found to be an account stated. We conclude that the claim was liquidated on the date of bankruptcy even though disputed.

C.

█ Sylvester also urges that this counter claim against the assignee for abuse of process and against Dow Jones for violation of antitrust laws rendered the claim unliquidated until after trial. We disagree. As was held in *Thomas v. Youngstown Sheet and Tube Co.*, 211 F.Supp. 187, 192 (10th Cir. 1962), aff'd 327 F.2d 667 (10th Cir. 1964), the "fact that the respondent may have defenses or counterclaims against the claimant would not affect the note's character as liquidated..." The court observed that defenses or counterclaims would affect allowance of the claim on its merits and concluded: "The present determination is threshold in nature. It is not essential to pass on its merits."

Accordingly, even if Sylvester had a valid counterclaim for more than the amount of Dow Jones' claim, he could not qualify for Chapter 13 because the liquidated claim (although subject to offsets) was in excess of $100,000.

In summary, the Dow Jones claim was liquidated on the date of filing because it was based on contract and the amount of the claim was readily ascertainable; the fact the claim was disputed was not relevant for purposes of section 109(e), and the fact it was subject to defenses and counterclaims was likewise not relevant. The fact that, after trial, the claim was allowed in the amount prayed did no more—for purposes of section 109(e)—than confirm the amount of the claim.

The bankruptcy court in *In re King*, 9 B.R. 376, 7 B.C.D. 395, 396 (Bkrtcy.D.Or.

1981) held that "a debt is not liquidated if there is a substantial dispute regarding liability or amount." We believe this definition has the effect of excluding disputed claims from section 109(e) computation, contrary to the express language of the section.

### III

The major assertions of error as to the order allowing the Dow Jones claim are two: the court's findings of fact and its refusal to qualify Sylvester as an expert witness during the antitrust case. Appellant has failed to demonstrate that the court's findings are clearly erroneous. Bankruptcy Rule 810. Nor are we able to find that the court abused its discretion in ruling that appellant was not an expert on antitrust matters. *United States v. Hearst*, 412 F.Supp. 893 (N.D.Cal.1976). We are not persuaded by appellant's other citations of error.

Affirmed.