**In the Matter of Tom MONACO, Debtor.**

**In the Matter of Lionel DIAZ, Debtor.**

**Bankruptcy Nos. 82–2577, 82–2576.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 2, 1983.

Bruce O'Donnell, Tampa, Fla., for debtor.

John E. Lund, Tampa, Fla., for Cicero & Lund, P.A.

Chris Larimore, Bradenton, Fla., Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON AMENDED MOTION TO DISMISS OR CONVERT

ALEXANDER L. PASKAY, Chief Judge.

THESE ARE interconnected Chapter 13 cases, one filed by Lionel Diaz a/k/a Monaco and Diaz "Class A" Contractors, Case No. 82–2576 and the companion case filed by Tom Monaco, Case No. 82–2577.

The original petitions were filed by these Debtors under Chapter 11 of the Code, but when it became apparent that there might be a serious challenge to the dischargeability of their only significant obligation owed to the same creditor, they filed a conversion to a Chapter 13 for the admitted reason to gain advantage of the liberal discharge provisions of Chapter 13 pursuant to § 1328(c)(2). The Motions in both cases were filed by Dr. David S. Bruck (Dr. Bruck) who, at one time, contracted with the Debtors, who were engaged, and still are engaged, as general contractors, to build a home. As a result of alleged defects in the construction, Dr. Bruck commenced an action originally against the individuals in the state court and sought damages for the alleged breach of the construction contract. The case in the state court never reached trial because prior to the commencement of the trial, both Monaco and Diaz filed their original petitions for relief in this Court which, of course, triggered the automatic stay provided for by § 362. Thus, it is clear that the claim of Dr. Bruck against Monaco or Diaz has never been liquidated in the orthodox sense.

The Amended Motion presents a three prong attack against these Debtors. First, it is contended by Dr. Bruck that the obligation of these two Debtors are in excess of the statutory ceiling fixed by § 109 of the Bankruptcy Code required for eligibility for relief under this Chapter; that is, their unsecured, liquidated non-contingent obligations are in excess of $100,000. Second, that these individuals are, in fact, general partners of a partnership, not individual Debtors and they are attempting to discharge partnership obligations because ever since they have been in business, they always operated their business as a partnership and since their sole activity which gave rights to the present proceeding is so intimately connected with the partnership activity, the real petitioning debtor is a partnership and not two individuals and as such is not eligible for relief under Chapter 13. Lastly, it is contended by Dr. Bruck that these two debtors do not have regular income and, therefore, for that reason alone they are not eligible for relief under Chapter 13 of the Code and, therefore, this Chapter 13 should be dismissed.

Considering first the question of eligibility for relief of these Debtors under this Chapter, it is well to state at the outset that the contention that these Debtors do not have regular income is not supported by this record. On the contrary, it is clear that their income from the construction business is more than regular. The Debtors always had regular income and they have not been without work with the exception of one week since they started in the construction business some forty years ago. Thus, the contention of Dr. Bruck that these Debtors

are not eligible for relief under Chapter 13 because they do not have sufficiently regular income must be rejected as without any evidentiary basis.

Considering next the contention of Dr. Bruck that the obligations owed by these two Debtors to Dr. Bruck alone are in excess of the statutory ceiling fixed by § 109(c) for eligibility for relief under this Chapter and, therefore, they are not eligible for relief under Chapter 13, is equally without merit. The facts relevant as established by the record on this point reveal the following: The claim of Dr. Bruck is asserted to be in excess of $100,000, albeit, it has never been liquidated in the orthodox sense. Realizing the difficulty arising from this fact, as he must, counsel for Dr. Bruck contends that under this Section, a claim is liquidated even though the amount is not reduced to a judgment so long as the claim is a contract claim as distinguished from the tort claim.

In support of this proposition, counsel for Dr. Bruck cites the case of *In re Sylvester,* 19 B.R. 671 (Bkrtcy.App.Panel 9th Cir.1982) where Judge Hughes, speaking for the panel, held that the creditor's claim was liquidated on the date of filing even though it was not reduced to judgment, because it was based on a contract and the amount of the claim was readily ascertainable. The Appellate Panel noted that even though the claim was not disputed, this was not relevant for the purposes of determining the Debtors' Chapter 13 eligibility. *Id.* at 673.

■ A superficial reading of this decision appears to furnish support for the proposition that claims for breach of contracts are "liquidated," while tort claims or quantum meruit claims, which require proof as to liability, and proof of the reasonable value and damages are not liquidated by their very nature, and they are not fixed until there is a judicial award to fix the liability and the amount. *Id.* [Citing, *Denham v. Shellman Grain Elevator, Inc.,* 444 F.2d 1376, 1380 (5th Cir.1971)]. However, a close reading of *In re Sylvester, supra* does not support this proposition because in this particular instance, the liability itself is yet

to be established, unlike the liability in the case of *Sylvester.* In that case, the Appellate Panel found that the court below did, in fact, ascertain the amount and determined the amount due after trial; that the claim was readily ascertainable in at least three ways. First, from the underlying contract coupled with documentation of the orders actually placed; second, from the invoices; and third, from the cumulative monthly billings which the Court found to be account stated. This is a far cry from the present situation when the claim is based on an alleged breach of contract and, as noted earlier, in which the liability is yet to be established and, of course, the amount of damages, if any, cannot be calculated at this time. Therefore, it is clear that the claim of Dr. Bruck is unliquidated and contingent and, accordingly, it cannot be taken into consideration in determining these two Debtors' eligibility for relief under Chapter 13.

This leaves for consideration the most serious contention advanced by Dr. Bruck in support of the Motion to Dismiss that this is really, in fact, a partnership petition brought by two individuals who are general partners of a partnership who seek to obtain discharge of the partnership debts. Therefore, the case should be dismissed or in the alternative, to be converted to a Chapter 7 case because partnerships are not eligible for relief under Chapter 13 of the Code.

■ These two Debtors operated in the past and still operate with an occupational license issued under the name of the partnership; they contracted in the past and still contract with individuals for construction of homes as partners of a partnership known as "Monaco and Diaz Class A Contractors;" they maintained bank accounts for the partnership; filed partnership tax returns; derived their sole income from the income generated by the partnership. Thus, there is no question and this record is more than ample to support the proposition that the two Debtors have been, and still are in fact, engaged in business as general partners of a partnership although it devel-

oped to the surprise of some that since the inception of these proceedings, they have incorporated and are now constructing a home and have at least one more contract which they contracted on behalf of this newly formed corporation.

In opposition to the Motion, counsel for the Debtors urges that there is no difference between a sole stockholder of a corporation who personally guaranteed corporate obligations and who seeks relief under Chapter 13 even though his sole obligation is based on this guarantee of a corporate debt and an individual who may or may not be liable on business debts conducted by the Debtors and another entity which may or may not be a partnership. The analogy urged by counsel bears no close analysis. The difference between the matter under consideration and the example cited by counsel for the Debtors is obvious when one considers the legal nature and character of the two entities involved. In the case of a corporation, there is a total separateness between the corporation and the individual stockholders even though in the example cited, the debtor would be the sole stockholder of the corporation. In the case of a partnership, the general partners are liable together with the partnership of all debts and the partnership does not provide an insulation of liability unlike a corporation does. Based on the foregoing, this Court is satisfied that the petitions for relief of these two individual Debtors, in fact, represent an attempt to adjust nothing but partnership debts and is, in fact, a petition by a partnership which is not an eligible debtor for relief under Chapter 13 of the Code.

In light of the foregoing, it is unnecessary to consider whether or not these two petitions, originally filed as Chapter 11 and now converted cannot be maintained because they were not converted from the Chapter 11 to Chapter 13 in good faith, an additional contention advanced by Dr. Bruck.

A separate Order in accordance with the foregoing was entered on October 11, 1983.