**In re Samuel M. WILLIAMS and Jacqulyn R. Williams, Debtors.**

**Bankruptcy No. IP83–2431WP.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Jan. 24, 1984.

Henry A. Efroymson, Indianapolis, Ind., for debtors.

Robert A. Brothers, Indianapolis, Ind., trustee.

Jeffrey L. Hunter, Asst. U.S. Atty., Indianapolis, Ind., for the U.S.

## ENTRY ON OBJECTION TO CONFIRMATION OF PLAN

ROBERT L. BAYT, Bankruptcy Judge.

This matter comes before the Court on the objection of the United States of America to confirmation of the debtors' proposed Chapter 13 plan. In their objection filed September 26, 1983, the United States of America, on behalf of the Small Business Administration ("SBA"), alleged that the debtors' plan was not proposed in good faith and that it worked an injustice to unsecured creditors. A hearing was held October 28, 1983, at which Henry A. Efroymson appeared for the debtors and Jeffrey L. Hunter appeared for the SBA. At this hearing, the SBA made the further allegation that the debtors owed, on the date of the filing of their petition, noncontingent, liquidated unsecured debts of more than $100,000.00, and were therefore barred by 11 U.S.C. § 109(e) from being debtors under Chapter 13. The Court will consider these two issues separately.

### Background

On March 10, 1980, the SBA loaned $81,-500.00 to Sam Williams Industries, Inc. The loan was secured by a promissory note. The debtors, Samuel M. Williams and Jacqulyn R. Williams, executed an absolute and unconditional guaranty of payment of the note, due, whether by acceleration or otherwise, upon default of the principal obligor.

Sam Williams Industries, Inc. became delinquent in the payment of its installments in February, 1981. On July 21, 1981, SBA loan officer Richard Denzio visited the Sam Williams business premises and found its operation closed. On July 29, 1981, Mr. Denzio called the owner and landlord of the property on which Sam Williams Industries, Inc. was located. He spoke with Mr. Toussant, an agent of the landlord, who stated that Sam Williams Industries, Inc.

had been evicted from the premises around the first of July.

On July 30, 1981, Mr. Denzio met Samuel Williams and Mr. Toussant at the Sam Williams business premises. The remaining collateral consisted of a punch press, a payloader, a G.M.C. tractor, a 1974 truck and a trailer van. Upon inquiry by Mr. Denzio, Mr. Williams reported that all other collateral was gone, broken down or abandoned due to the cost of repair.

The sale of the remaining collateral was conducted by David A. Taylor, C.A.I. Two bids were received, and a negotiated sale was made on March 3, 1981, for the sum of $1,500.00, with a net of $1,350.00 after costs. Sale proceeds were applied to the Sam Williams Industries, Inc. loan balance. On June 16, 1983, the debtors filed their petition for relief and plan under Chapter 13 of the Bankruptcy Code.

■ I. The first issue before the Court is whether the debtors have unsecured noncontinent, liquidated debts in excess of $100,000.00. If they do, they are not entitled to protection under Chapter 13 of the Bankruptcy Code. 11 U.S.C. § 109(e).

■ In deciding whether the § 109(e) bar is here applicable, the Court must first determine the liquid amount of any disputed claim. *In re Sylvester,* 19 B.R. 671, 671 (Bkrtcy.App. 9th Cir.1982). A claim is liquidated when the amount due is capable of ascertainment by reference to an agreement or by computation. *In re Sylvester, supra* at 673 [citing *In re Bay Point Corp.,* 1 B.C. 1635 (1975)]. In the present case, the amount due to the SBA by the debtors is readily ascertainable by computation from the date of Sam Williams Industries, Inc.'s default of payment in February, 1981, with reference to the original note and guaranty.

" 'A claim is contingent as to liability if the debtors' legal duty to pay does not come into existence until triggered by the occurrence of a future event.' " *In re Wilson,* 9 B.R. 723, 725 (Bkrtcy.E.D.N.Y.1981) [quoting *In re All Media Properties & Artlite,* 5 B.R. 126, 2 C.B.C.2d 449 (Bkrtcy.

S.D.Tex.1980) ]. In Wilson, a case very similar to the one at bar, the Court held that the debtor, as a guarantor of payment of an SBA loan, contracted to pay the debt immediately upon default of the principal obligor. Consequently, liability on the debt attached to the debtor upon default of the principal, thus eliminating the contingent nature of the debtor's guaranty.

Here, the debtors are guarantors of payment in full of the debt of the principal obligor, Sam Williams Industries, Inc., upon its default. The principal was in default of payment in February, 1981. Upon the occurrence of this default, the debtors' liability to pay the debt attached and was no longer contingent.

The debtors herein characterize their debt to the SBA as contingent and unliquidated because both liability and amount due are disputed. In support of their argument, the debtors cite as authority *In re King*, 9 B.R. 376, 7 B.C.D. 395, 396 (Bkrtcy. 1981) which held that "a debt is not liquidated if there is substantial dispute regarding liability or amount."

■ In the case of *In re Sylvester*, the Bankruptcy Appellate Panel for the 9th Circuit held that it was not relevant whether a claim was disputed in determining a debtor's Chapter 13 eligibility. The Panel stated that "under the Bankruptcy Code and for purposes of Chapter 13 eligibility, (1) the words *disputed, contingent,* and *unliquidated* have different meanings, and (2) that disputed unsecured debt is not excluded when determining whether the $100,000 limitation is exceeded." *Id.* at 673. The fact that a claim is subject to defenses or counterclaims is not relevant for purposes of § 109(e). Referring to the holding of *In re King* quoted by the debtors, the Panel stated: "We believe this definition has the effect of excluding disputed claims from section 109(e) computation, contrary to the express language of the section." *Id.* at 674. This Court is inclined to agree with the *Sylvester* holding that a claim should not be excluded from the § 109(e) computation merely because it is disputed. That is particularly the case

here, where the dispute is less than "substantial".

The debtors cite *Hall v. Owen County Bank*, 370 N.E.2d 918 (Ind.App.1977), as authority for their assertion that the SBA has accepted the collateral in total satisfaction of the debt, and that the SBA's failure to notify the debtors of the negotiated sale and its terms bars the SBA from obtaining a deficiency judgment. As noted above, the debtors' defenses to the SBA's claim are irrelevant to the question of the § 109(e) status of the claim. *In re Sylvester, supra* at 673. However, the *Hall* court stated that the better rule of law would allow a secured creditor who had acted improperly to proceed with a deficiency action, with the burden of rebutting the presumption that the collateral was equal in value to the amount of the debt. *Hall v. Owen State Bank, supra* at 928. Here, the value of the collateral cannot be construed as being equal in value to the amount of the debt. A few items of equipment were sold for a net amount of $1,350.00. This equipment was in the possession and control of the debtors' former landlord, and had apparently been abandoned. In light of these facts, it is impossible to accept the debtors' argument that such minimal collateral was taken by the SBA in total satisfaction of the Williams' debt.

Finally, the debtors have failed to show how the SBA's failure to give an accounting to the debtors affects the liquidity of the SBA claim on the debtors' liability thereon. The debtors have failed to establish the contingent, unliquidated nature of the SBA's claim. Accordingly, this Court holds that the debtors have unsecured non-contingent, liquidated debts exceeding $100,000.00, and are therefore barred by 11 U.S.C. § 109(e) from relief under Chapter 13 of the Code.

■ II. Even if the debtors did qualify for Chapter 13 treatment, this Court would reject their plan since it was not proposed in good faith. The debtors intend to pay $150.00 per month for five years, resulting

in total payments of $9,000.00. Their total unsecured debt exceeds $161,000.00. Clearly, the plan does not adequately provide for unsecured creditors. The debtors claim to have a monthly gross income of $2,500.00. In light of this fact, the Court believes that they could afford a more substantial payment towards their obligations.

The Court also feels that several of the debtors' estimated expenses are inflated. The debtors have three minor children, ages 7, 5 and 2. The debtors allow themselves $975.00 per month for housing, $570.00 per month for food and $55.00 per month for medical and drug expenses. None of the family appears to have special medical problems requiring an unusual diet or medication. Even with allowance for the variable expenses caused by young children, the monthly expenses of these debtors seem considerably higher than necessary. Further, the debtors offer their creditors only $150.00 per month while retaining $60.00 per month for recreation.

This Court has stated that "the purpose of a Chapter 13 plan is to enable the debtor to pay either in full or in part, 'debts which have become too burdensome to meet without the help of the bankruptcy laws.' (citations omitted)." *In re Jonson,* 17 B.R. 78 (S.D.Ind.1983). For the above-stated reasons, it is the Court's belief that the debtors' proposed plan fails of its essential purpose and should not be confirmed.

### Conclusion

The debtors have unsecured noncontingent, liquidated debts totalling more than $100,000.00, and are therefore precluded by 11 U.S.C. § 109(e) from treatment as Chapter 13 debtors. Even if the debtors were entitled to protection under Chapter 13, the Court would reject their plan since it fails to adequately provide for the payment of unsecured creditors and was not proposed in good faith. Accordingly, the objection of the United States of America to confirmation of the debtors' Chapter 13 plan is SUSTAINED.