CANBY, Circuit Judge:
On September 19, 1985, appellant Per Fostvedt filed a petition in bankruptcy for Chapter 13 relief. Creditors Stephen Dow, Mary Warren, First Interstate Bank, and Taubman Western Associates objected to confirmation of Fostvedt’s plan. The creditors argued that Fostvedt's liability on two promissory notes exceeded the limit for noncontingent, liquidated, unsecured debts in a Chapter 13 proceeding. The bankruptcy court agreed with Fostvedt’s creditors and denied confirmation of Fostvedt’s plan. The United Statés District Court for the District of Nevada affirmed the bankruptcy court’s order denying confirmation, and Fostvedt now appeals.
We review de novo the district court’s decision to affirm the bankruptcy court’s order. In re Jee, 799 F.2d 532, 534 (9th Cir.1986), cert. denied, — U.S.-, 107 S.Ct. 1892, 95 L.Ed.2d 499 (1987). We review the bankruptcy court’s conclusions of law de novo, and its findings of fact under the clearly erroneous standard. Id.; In re Daniel, 771 F.2d 1352, 1353 (9th Cir.1985), cert. denied, — U.S.-, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986).
It is undisputed that Fostvedt and three other parties are jointly and severally liable for two promissory notes totaling approximately $170,000. Under 11 U.S.C. 109(e), “[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 ... may be a debtor under Chapter 13 of this title.” 11 U.S.C. § 109(e) (1982). Fostvedt contends that his debt is neither noncontingent nor liquidated within the meaning of section 109(e) because the amount he will ultimately pay on the notes depends upon what portion his co-obligors pay and upon whether the creditor actually demands payment of him.
Fostvedt’s argument is without merit. First, we agree with the Bankruptcy Appellate Panel of this court that the question whether a debt is liquidated turns on whether it is subject to “ready determination and precision in computation of the amount due.” In re Sylvester, 19 B.R. 671, 673 (9th Cir. BAP 1982), quoting In re Bay Point Corp., 1 B.C.D. 1635 (D.N.J. 1975). In the present case, it is clear that the amount due on the two notes could be readily determined at the time of filing. Fostvedt nonetheless argues that (1) his debt is disputed because the amount he will ultimately pay is not known; and (2) under In re Lambert, 43 B.R. 913 (Bankr.D.Utah 1984), a dispute as to liability or amount renders a debt unliquidated for purposes of section 109(e). This argument misses the mark. Even assuming, without deciding, that a dispute can render a debt unliqui-dated,[1] we find no dispute as to liability or amount in the present case. At the time of filing, Fostvedt was liable for the full amount of the notes, regardless of the possibility that his co-obligors would eventually pay some or all of the debt. We therefore conclude that Fostvedt’s debt was liquidated for purposes of section 109(e).
Second, the rule is clear that a contingent debt is “one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor.” Brockenbrough v. Commissioner, 61 B.R. 685, 686 (W.D. Va.1986), quoting In re All Media Properties, Inc., 5 B.R. 126, 133 (Bankr.S.D.Tex. 1980), aff'd. per curiam, 646 F.2d 193 (5th *307 Cir.1981). “[W]here a contract was entered into by parties who did not contemplate that any further act had to be completed in order to trigger contractual liability, then such liability would not be contingent.” Lambert, 43 B.R. at 922. In the present case, no further act or extrinsic event was needed to trigger Fostvedt’s liability on the two notes. We therefore hold that Fostvedt’s debt was noncontingent for purposes of section 109(e), and we affirm the district court’s order.
AFFIRMED.

. Compare Sylvester, 19 B.R. at 672-73 (holding that “disputed unsecured debt is not excluded when determining whether the $100,000 limitation is exceeded”) with In re Pearson, 773 F.2d 751, 758 (6th Cir.1985) (affirming finding of Chapter 13 eligibility on grounds that debtors “could in good faith have considered that their unsecured liability was at least in dispute and could reasonably have amounted to less than $100,000").