In re Antonio LOYA, Debtor.

Antonio LOYA, Appellant,

v.

Fred RAPP and Sue Rapp, Elsie Davis, Chapter 13 Trustee, Appellees.

BAP No. CC–89–1950–OJP.

Bankruptcy No. LAX 89–50903–AA.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 25, 1990.

Decided Feb. 11, 1991.

William D. Crader, Canoga Park, Cal., for appellant Antonio Loya.

No counsel for appellees.

Before OLLASON, JONES and PERRIS, Bankruptcy Judges.

## OPINION

OLLASON, Bankruptcy Judge:

The bankruptcy court concluded that certain malpractice claims, though time-barred under the applicable statute of limitations, should be considered in determining whether the aggregate unsecured debts exceed the $100,000.00 limitation imposed by 11 U.S.C. § 109(e). The court dismissed the case and debtor appealed. We reverse and remand.

## I. FACTS

Debtor was a professional tax preparer who occasionally advised his clients regarding tax shelters. In 1983 and 1984 he suggested to 86 of his clients that they invest in a certain aggressive tax shelter. That shelter ultimately failed both as an investment and as a tax shelter. All of the investors knew of the failure of the investment by late 1985.

In 1989, debtor filed a chapter 13 petition listing the 86 investors as disputed claimants. He valued most of their claims at zero. Most of the claimants had not filed suit or otherwise pursued their claims. One claimant had a judgment for $18,814 against debtor arising from the failed tax shelter and two others had lawsuits pending.

Ten of the 86 investors filed proofs of claim alleging losses from the tax shelter scheme. Debtor objected to all of them, principally alleging that they were barred

by the statute of limitations.[1]   Only one claimant, the Rapps, responded to that objection.  They claimed $17,100.00 was owed to them.

At the time of the confirmation hearing, the court found that the total liquidated claims exceeded $100,000.00, that those claims were unsecured, and therefore denied confirmation of the plan.  The court included the face amount of the disputed investor's claims in determining the amount of debt.  The court also found that the petition was filed in bad faith.

## II.  STANDARD OF REVIEW

The meaning of the terms "contingent" and "unliquidated" as used in 11 U.S.C. § 109(e) is a conclusion of law which we review *de novo*.  *In re Wenberg*, 94 B.R. 631, 633 (9th Cir. BAP 1988), *aff'd*, 902 F.2d 768 (9th Cir.1990).  The liquidated amount of a particular claim is a factual finding which we review for clear error.  Bankr.R. 8013.  We review orders of dismissal for abuse of discretion.  *In re Green*, 64 B.R. 530 (9th Cir. BAP 1986).

## III.  DISCUSSION

■ 11 U.S.C. § 109(e) forbids chapter 13 relief if the debtor has greater than $100,000.00 in noncontingent, liquidated unsecured debts[2].  A debt is noncontingent if all events giving rise to liability occurred prior to the filing of the bankruptcy petition.  As explained in *In re Fostvedt*, 823 F.2d 305, 306 (9th Cir.1987) (citing *Brockenbrough v. Commissioner*, 61 B.R. 685, 686 (W.D.Va.1986)), "the rule is clear that a contingent debt is 'one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor.'"  The fact that most of the claims here have not been

reduced to judgment does not render them contingent.  As explained in *In re Dill*, 30 B.R. 546, 549 (9th Cir. BAP 1983), *aff'd on other grounds*, 731 F.2d 629 (9th Cir.1984):

> A tort claim ordinarily is not contingent as to liability;  the events that give rise to the tort claim usually have occurred and liability is not dependent on some future event that may never happen.  It is immaterial that the tort claim is not adjudicated or liquidated, or that the claim is disputed, or indeed that it has any of the many other characteristics of claims under the Code.

Because the advice that gave rise to these claims has already been given and acted upon, these claims are noncontingent.

The question now turns to the issue of liquidation.  In *In re Sylvester*, 19 B.R. 671, 673 (9th Cir. BAP 1982) the court made the observation in *dicta* that "contract debts (even though disputed) are considered liquidated and tort claims are not."  That statement is generally correct, but must be taken in its proper context.  As the *Sylvester* court more specifically explained:

> The concept of liquidation has been variously expressed.  The common thread ... has been ready determination and precision in computation of the amount due. ...  Some cases have stated the test as to whether the amount due is capable of ascertainment by reference to an agreement or by simple computation.  *Id.*

■ Therefore, whether a debt is liquidated or not for purposes of 11 U.S.C. § 109(e) does not depend strictly on whether the claim sounds in tort or in contract, but whether it is capable of ready computation.  For the same reason, whether a debt is liquidated does not depend on whether it is disputed.[3]  Thus, a disputed debt which is capable of ready determination is liqui-

---

**1.** The statute of limitations for tort claims under California law is three years.  California Code of Civil Procedure § 338.

**2.** Some courts have placed great emphasis on the supposed distinction between "claims" and "debts".  See, *In re Lambert*, 43 B.R. 913, 918–919 (Bankr.Utah 1984).  We believe that the terms are co-extensive and will use them accordingly.  *See In re Quintana*, 107 B.R. 234,

237–8 (9th Cir. BAP 1989), *aff'd*.  915 F.2d 513 (9th Cir.1990).

**3.** The Panel has previously held that the word "debt" includes all legal obligations "no matter how remote or contingent...."  *In re Quintana*, 107 B.R. at 237.  The *Quintana* court concluded that defining "debt" to mean "allowed claims" ignores the plain language of the statute and

dated. In *In re Wenberg*, 94 B.R. at 634, the court concluded that:

> [t]he definition of 'ready determination' turns on the distinction between a simple hearing to determine the amount of a certain debt, and an extensive and contested evidentiary hearing in which substantial evidence may be necessary to establish amounts or liability.

■ It is not entirely clear where the line must be drawn between a simple hearing and a complex one, but this case does not require that we do so. From the record now before us, it appears that many of the claimants will readily admit that their claims have been barred by the statute of limitations. Accordingly, it appears that only the briefest of hearings will be needed. Since the investors' claims are capable of ready determination and computation, they are liquidated for purposes of 11 U.S.C. § 109(e).

■ Since the amount of the liquidated debt owed to many of the tax shelter claimants may be zero, the debtor may have less than $100,000 in unsecured, noncontingent, liquidated debts. It appears that the bankruptcy court misapplied the law in concluding that the full amount of these disputed claims must be included as the liquidated debt for the purposes of section 109(e). For that reason, we remand for a redetermination of eligibility consistent with this decision.

■ The court also dismissed the case on the basis that the petition was filed in bad faith. Dismissal for a lack of good faith is a matter left to the sound discretion of the bankruptcy court. *In re Stolrow's Inc.*, 84 B.R. 167, 170 (9th Cir. BAP 1988) (Chapter 11 case). One of the good faith factors turned on the bankruptcy court's determination that Mr. Loya was ineligible for Chapter 13 relief due to the excessive amount of his unsecured claims. Because a review of those claims as set forth above might cause the bankruptcy court to adopt a different view of the eligibility issue, the bankruptcy judge should also reconsider the good faith question. It is therefore premature to offer an opinion on whether the court erred in considering the debtor's eligibility under 11 U.S.C. § 109(e) as a factor in the good faith analysis.

### IV. CONCLUSION

The court improperly concluded that it must include the full amount of liability asserted by the tax clients in applying 11 U.S.C. § 109(e). The amount of the debt owed to investors is capable of ready determination. The liquidated amount of debt for most of them appears to be zero.

Because the bankruptcy court also afforded some weight to the conclusion that debtor was ineligible when it dismissed for bad faith, it must reevaluate that decision consistent with this opinion. The order of dismissal is reversed and the matter remanded.

---

undermines the fresh start purposes of the Bankruptcy Code by severely limiting the scope of the discharge. *Id.* at 238.

The Panel has also previously held that the "disputed unsecured debt is not excluded when determining whether the $100,000 limitation is exceeded." *In re Sylvester*, 19 B.R. 671, 673 (9th Cir. BAP 1982). Prior to that, a bankruptcy court within the Ninth Circuit had held that "a debt is not liquidated if there is a substantial dispute regarding liability or amount." *In re King*, 9 B.R. 376, 378 (Bankr.D.Or.1981). That latter conclusion was expressly disapproved of recently in *In re Lamar*, 111 B.R. 327 (D.Nev. 1990), another decision from within the Ninth Circuit. The issue presented in this case allows us to revisit and clarify the rule regarding the unsecured debt limitation ceiling governing Chapter 13 filings.

Though the rule cited from *Sylvester* and the language from *Quintana* above appear rigid, the task at hand is not a purely mechanical exercise. As the *Sylvester* court also noted:

> It is also apparent that the court must determine the liquidated amount of any disputed claim prior to making the computation required by section 109(e). Otherwise, the federal court jurisdiction would depend on the accuracy and good faith of both creditors and debtors. Experience teaches that accuracy, at least, is elusive.
>
> That determination, at the outset of the case, ensures that the ineligible debtor does not linger long under the shelter of Chapter 13 by merely claiming that a substantial dispute exists and that the eager creditor does not deprive the eligible debtor of his relief by asserting an inflated or dubious claim.