19 F.3d 1441
 73 A.F.T.R.2d 94-1625
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Randolph Douglas SLOAN, Debtor.
Randolph Douglas SLOAN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-15074.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 16, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randolph Douglas Sloan appeals pro se the district court's order affirming the bankruptcy court's dismissal of his Chapter 13 bankruptcy petition on the ground Sloan is ineligible for Chapter 13 relief. We have jurisdiction pursuant to 11 U.S.C. Sec. 158(d). We affirm.
 
 
 3
 We review de novo the district court's decision. Fostvedt v. Dow (In re Fostvedt), 823 F.2d 305, 306 (9th Cir.1987). In reviewing the district court's decision, we may affirm on any ground finding support in the record. Elliott v. Four Seasons Properties (In re Frontier Properties, Inc.), 979 F.2d 1358, 1364 (9th Cir.1992).
 
 
 4
 In pertinent part, 11 U.S.C. Sec. 109(e) provides that "[o]nly an individual ... that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 ... may be a debtor under chapter 13 of this title." 11 U.S.C. Sec. 109(e) (emphasis added); see In re Fostvedt, 823 F.2d at 306. Although the bankruptcy court concluded without elaboration that Sloan is ineligible for Chapter 13 relief, the district court determined that Sloan is ineligible because his noncontingent, liquidated, unsecured debts exceed $100,000. On appeal to this court, the parties argue extensively as to whether Sloan exceeded section 109(e)'s unsecured debt limitation. We need not decide that question, however.
 
 
 5
 The record shows that Sloan's noncontingent, liquidated, secured debts exceed $350,000. Because section 109(e) conditions Chapter 13 eligibility on the debtor's ability to meet both the secured and unsecured debt limitations, Sloan is ineligible for Chapter 13 relief. See 11 U.S.C. Sec. 109(e).
 
 
 6
 We reject Sloan's contention that the debt was unliquidated because the amount of the assessment is the subject of litigation. The mere fact that Sloan disputes the IRS's claim does not render it unliquidated. See Sylvester v. Dow Jones & Co. (In re Sylvester), 19 B.R. 671, 672-73 (Bankr. 9th Cir.1982); Lamar v. United States (In re Lamar), 111 B.R. 327, 329 (Bankr.D.Nev.1990). Rather, "the question whether a debt is liquidated turns on whether it is subject to 'ready determination and precision in computation of the amount due.' " In re Fostvedt, 823 F.2d at 306 (quoting In re Sylvester, 19 B.R. at 673); FDIC v. Wenberg (In re Wenberg), 94 B.R. 631, 633-34 (Bankr. 9th Cir.1988), aff'd, 902 F.2d 768 (9th Cir.1990) (adopting reasoning of BAP).
 
 
 7
 Here, the IRS's Proof of Claim showed that Sloan's secured debt comprised more than $2.3 million in unpaid taxes, penalties, and interest. The Proof of Claim contained detailed schedules showing how the IRS computed Sloan's tax assessments. Therefore, because the amount of taxes, penalties, and interest Sloan allegedly owed could be readily determined at the time he filed his petition, Sloan's secured debt was liquidated. See In re Fostvedt, 823 F.2d at 306.
 
 
 8
 Sloan's contention that the IRS's Proof of Claim does not constitute a "debt" owed by him also lacks merit. The terms "debt" and "claim" were intended by Congress to be coextensive. Quintana v. Commissioner (In re Quintana), 915 F.2d 513, 517 (9th Cir.1990) (citing Pennsylvania Dep't of Pub. Welfare v. Davenport, 495 U.S. 552, 557-58 (1990)). At the time Sloan filed his petition, the IRS had a secured "claim" against Sloan for over $2.3 million in unpaid taxes, penalties, and interest. See 11 U.S.C. Sec. 101(5)(A) (defining a "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured"); In re Quintana, 915 F.2d at 516-17. Sloan had a "debt" for the same amount. See 11 U.S.C. Sec. 101(12) (defining "debt" as "liability on a claim"); In re Quintana, 915 F.2d at 517.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sloan's remaining contentions also lack merit. Sloan cites to no authority, nor are we aware of any, that support those claims