**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. HI-19-1173-GLB |
| LEIANN TONI FOUNTAIN, | Bk. No. 19-00046 |
| Debtor. | |
| LEIANN TONI FOUNTAIN, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, As Trustee for American Home Mortgage Assets Trust 2007-2, Mortgage-Backed Pass-Through Certificates Series 2007-2, | |
| Appellee. | |

Argued and Submitted on February 27, 2020
at Pasadena, California

Filed – March 10, 2020

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value. *See* 9th Cir. BAP Rule 8024-1.

Appeal from the United States Bankruptcy Court
for the District of Hawaii

Honorable Robert J. Faris, Chief Bankruptcy Judge, Presiding

_____

Appearances:    Lars Peterson of Abelmann Peterson LLLC argued for
Appellant; David A. Nakashima argued for Appellee.

_____

Before: GAN, LAFFERTY, and BRAND,  Bankruptcy Judges.

**INTRODUCTION**

Appellant Leiann Fountain ("Debtor") appeals from an order dismissing her chapter 13[1] case on the basis that her unsecured claims exceeded the limit imposed by § 109(e). Debtor argues that the bankruptcy court erred in including in the debt limit calculation, Deutsche Bank National Trust Company's ("Deutsche Bank") $1,751,326.06 claim because Deutsche Bank did not have a claim against Debtor, and if it did, the claim was contingent and unliquidated. Debtor also argues that the court should not have looked beyond the schedules to determine the amount of unsecured claims. We disagree and AFFIRM.

_____

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

2

## FACTS[2]

### A.    Prepetition Events

In 2006, Debtor borrowed $1,092,000 to refinance a mortgage on her home in Waianae, HI. Debtor signed a promissory note payable to lender American Broker Conduit. The note was secured by a mortgage serviced by American Home Mortgage Assets, LLC ("AHMA"). American Broker Conduit subsequently sold the loan to AHMA.

In 2007, AHMA created American Home Mortgage Assets Trust 2007-2, Mortgage Backed Pass-Through Certificates Series 2007-2 and appointed Deutsche Bank as trustee. American Broker Conduit indorsed the promissory note in blank, but it is not clear if Debtor's loan was included in the trust. Deutsche Bank asserts that it has possession of the promissory note, but that the mortgage was lost and never recorded.

In 2015, Debtor sold the property without paying off the loan. After the sale, the title insurance company filed a quiet title action in state court naming all parties to the sale, including Debtor and Deutsche Bank. Deutsche Bank cross-claimed against Debtor for payment of the note and moved for summary judgment. Debtor opposed summary judgment and argued that Deutsche Bank failed to establish that it had standing to

---

[2] We exercise our discretion to review the bankruptcy court's docket as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

enforce the note, and that enforcement was barred by the statute of limitations. Prior to oral argument on the motion for summary judgment, Debtor filed her bankruptcy case.

## B.  The Bankruptcy Case

In January 2019, Debtor filed her chapter 13 petition and plan. Debtor scheduled total unsecured claims of $30,443. Debtor listed Deutsche Bank's unsecured claim, but only in the amount of $1,000, and marked it contingent, unliquidated, and disputed.

Deutsche Bank filed a proof of claim evidencing an unsecured claim for $1,751,326.06 and attached the note. Deutsche Bank also filed an objection to Debtor's plan and a motion to dismiss, arguing that Debtor exceeded the unsecured debt limit of § 109(e). Debtor opposed the motion to dismiss and although she admitted signing the note, she asserted that Deutsche Bank's claim was both contingent and unliquidated and that the bankruptcy court had no reason to look beyond the schedules to determine eligibility under § 109(e). She also questioned whether Deutsche Bank could enforce the claim.

The bankruptcy court granted the motion to dismiss and determined that the debt was not contingent because there was "no external real world event that has to happen before liability is incurred,"and it was not unliquidated because although there were complicated issues litigated in the state court action, those issues were not about determining the amount

4

of the debt, which could be calculated from the note. The court entered a written order dismissing the case and Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err by including Deutsche Bank's unsecured claim for purposes of eligibility under § 109(e)?

## STANDARD OF REVIEW

The question of whether a debt is contingent or unliquidated involves interpretation of the Bankruptcy Code and we review such determinations de novo. *Nicholes v. Johnny Appleseed of Wash. (In re Nicholes)*, 184 B.R. 82, 86 (9th Cir. BAP 1995). De novo review requires that we consider the matter as if no decision had been previously rendered. *Kashikar v. Turnstile Capital Mgmt., LLC (In re Kashikar)*, 567 B.R. 160, 164 (9th Cir. BAP 2017).

## DISCUSSION

Section 109(e) defines who may be a debtor under chapter 13 of the bankruptcy code. As of the petition date, § 109(e) provided: "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 . . . may be a debtor under chapter 13 of this title."

5

The term "debt" is defined in § 101(12) as "liability on a claim." A "claim" is defined in § 101(5) as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."

Debtor argues that the bankruptcy court erred by including the Deutsche Bank claim in the eligibility calculation because: (1) Deutsche Bank did not have an enforceable claim against Debtor; (2) there was no basis to look beyond Debtor's schedules to determine total unsecured debts; and (3) even if Deutsche Bank had a claim, it was contingent and unliquidated.

## A.    Deutsche Bank Had An Unsecured Claim For Eligibility Purposes

Debtor argues that the state court litigation had not resolved disputed issues about whether Deutsche Bank had possession of the note and a right to enforce it, and whether the statute of limitations had expired. She asserts that the bankruptcy court never determined that Deutsche Bank had a claim, which is necessary for the § 109(e) analysis. In short, Debtor asserts that because the claim was still in dispute, it cannot be included in the eligibility calculation.

However, a disputed claim is still a "claim" under § 101(5). Section 109(e) excludes unliquidated and contingent debts from the eligibility calculation, but it does not exclude debts which are merely disputed. *In re*

*Nicholes*, 184 B.R. at 88. Additionally, eligibility under § 109(e) is determined as of the petition date, and is not based on post-petition events. *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 982 (9th Cir. 2001).

As of the petition date, there was no judicial determination that Deutsche Bank could not enforce the note. Deutsche Bank's right to payment is evidenced by the signed promissory note attached to its proof of claim. Debtor acknowledged Deutsche Bank's claim by listing it in her schedules as an unsecured claim. The fact that Debtor disputes the claim is not a sufficient basis to exclude the claim for purposes of § 109(e). *See In re Nicholes*, 184 B.R. at 88.

**B.      The Bankruptcy Court Properly Considered The Proof of Claim**

Although Debtor listed the Deutsche Bank claim in her schedules, she listed the amount of the debt as $1,000. She argues that the bankruptcy court impermissibly looked to Deutsche Bank's proof of claim to determine the amount of the debt because Deutsche Bank did not allege bad faith and there was no indicia of bad faith.

Eligibility under § 109(e) "should normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith." *In re Scovis*, 249 F.3d at 982. But, where a good faith objection to eligibility has been filed by a party in interest, the bankruptcy court can make a limited inquiry outside of the schedules to determine if the Debtor estimated her debts in good faith, and if not,

whether she was eligible for chapter 13 relief. *Guastella v. Hampton (In re Guastella)*, 341 B.R. 908, 918 (9th Cir. BAP 2006).

The phrase "checking only to see if the schedules were made in good faith" does not require the bankruptcy court to find bad faith or that a debtor intentionally misrepresented her debts. *Id.* at 920. If it appears to be a legal certainty from the record that the claim is not as stated in the schedules, an actual "good faith" inquiry may be unnecessary. *Id.* at 921.

Here, Deutsche Bank made a good faith objection to eligibility and asked the court to review its proof of claim. Debtor did not dispute that she signed the promissory note for $1,092,000. Given this acknowledgment, it appeared to a legal certainty that Deutsche Bank's claim was not $1,000 as stated in Debtor's schedules. The nature of Debtor's dispute in the state court litigation related to Deutsche Bank's ability to enforce the note, not to the amounts due under the note. The court was therefore justified in looking past the schedules and considering the note as evidence of Debtor's unsecured debts.

## C.     The Debt Is Not Contingent

A debt is contingent when "the debtor will be called upon to pay [it] only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor." *Fostvedt v. Dow (In re Fostvedt)*, 823 F.2d 305, 306 (9th Cir. 1987). If "all events giving rise to liability occurred prior to the filing of the bankruptcy petition," the claim is

8

not contingent. *In re Nicholes*, 184 B.R. at 88. A dispute over liability for a claim does not make the debt contingent. *Id*. at 89 (citing *In re Dill*, 30 B.R. 546, 549 (9th Cir. BAP 1983)).

Debtor argues that the debt is contingent because liability is dependent on a final ruling in the state court action, which had not yet occurred. However, all of the events giving rise to Debtor's liability on the note arose pre-petition. Debtor's liability for the debt was created when she signed the promissory note in 2006. The fact that she now disputes liability does not render the contractual obligation contingent.

## D.    The Debt Is Liquidated

A debt is liquidated if it is capable of "ready determination and precision in computation of the amount due." *In re Fostvedt*, 823 F.2d 305, 306 (9th Cir. 1987)."The test for 'ready determination' is whether the amount due is fixed or certain or otherwise ascertainable by reference to an agreement or by a simple computation." *In re Nicholes*, 184 B.R. at 89.

A dispute about liability does not "necessarily render a debt unliquidated." *Slack v. Wilshire Ins. Co. (In re Slack)*, 187 F.3d 1070, 1074 (9th Cir. 1999). As we stated in *Nicholes*:

> So long as a debt is subject to ready determination and precision in computation of the amount due, then it is considered liquidated and included for eligibility purposes under § 109(e), regardless of any dispute. On the other hand, if the dispute itself makes the claim difficult to ascertain or prevents

the ready determination of the amount due, the debt is unliquidated and excluded from the § 109(e) computation.

184 B.R. at 91.

Under this test, disputed contractual claims are generally liquidated. *Id.* (citing *Sylvester v. Dow Jones & Co., Inc. (In re Sylvester)*, 19 B.R. 671, 673 (9th Cir. BAP 1982)). Regardless of whether a debtor disputes liability, "if the *amount* of the debt is calculable with certainty, then it is liquidated for the purposes of § 109(e)." *In re Slack*, 187 F.3d at1074-75 (emphasis in original).

Debtor argues that the Deutsche Bank claim is unliquidated because the ultimate question of her liability to Deutsche Bank has not been determined. But, as the bankruptcy court correctly observed, "there are complicated issues that have been litigated in the state court for a long time, but those issues aren't about determining the amount of the debt and that's what makes it liquidated."

The amount of the debt is readily determinable by reference to the note. The Deutsche Bank debt is liquidated and was properly included by the bankruptcy court in the § 109(e) calculation.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's order dismissing Debtor's chapter 13 case.

10