In re James P. SLACK, Debtor.

James P. Slack, Appellant,

v.

Wilshire Insurance Company, Appellee.

No. 98–35115.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 1999.

Decided July 30, 1999.

Sean M. Morris, Worden, Thane & Haines, Missoula, Montana, for debtor-appellant.

Brian P. Barrow, O'Flaherty, Cross, Martinez, Ovando & Hatton, Anaheim, California, for appellee.

Before: REAVLEY,[1] ALARCON and McKEOWN, Circuit Judges.

ALARCON, Circuit Judge:

James Slack appeals from the decision of the district court affirming the bankruptcy court's order dismissing his petition for Chapter 13 bankruptcy. The bankruptcy court granted Wilshire Insurance Company's ("Wilshire") motion to dismiss upon finding that Slack was ineligible for relief under Chapter 13 because the record showed that he had stipulated that the amount of Wilshire's claim against Slack on its state law action was $255,954. Slack seeks reversal on the ground that the amount of Wilshire's claim was unliquidated because his liability for Wilshire's damages had not been finally determined in state court on the date the petition was filed. We affirm because we conclude that

---

1. The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

a debt can be liquidated even though liability is in dispute.

## I

On October 7, 1993, Wilshire filed a state court action in the Superior Court of the State of California for the County of Los Angeles against Slack, the law firm of Portigal, Hammerton & Allen, and Prompt Motor Express, Wilshire's former insured (Case No. VC014551). Slack was Prompt Motor Express's lawyer. In its complaint, Wilshire alleged (1) intentional misrepresentation, (2) negligent misrepresentation, (3) violation of, and conspiracy to violate, California's Unfair Practices Act, and (4) negligence. On February 28, 1997, the state court judge entered a tentative decision that Slack was jointly and severally liable to Wilshire in the amount of $659,971.

On March 17, 1997, Slack filed a Chapter 13 petition for bankruptcy in the bankruptcy court. On April 25, 1997, Wilshire filed a proof of claim against Slack in the amount of $659,971. Slack filed an objection in which he asserted that the debt was unliquidated. Wilshire filed a motion to dismiss the petition arguing that Slack was ineligible for relief because the state court's tentative ruling that Slack was jointly and severally liable for $659,971 established that Slack had a noncontingent, liquidated, unsecured debt which exceeded the statutory limit. The parties stipulated to the amount of damages Wilshire actually suffered before the state and the bankruptcy courts. These damages include: (1) $250,000 for the settlement of the underlying wrongful death claim; (2) $19,446 incurred by Wilshire for the investigation of the matter; and (3) $5,954 for property damages.[2]

On June 9, 1997, the bankruptcy court granted Wilshire's motion to dismiss finding that Slack was ineligible for relief under Chapter 13. The bankruptcy court determined that Slack had a noncontingent, liquidated, unsecured debt which exceeded the statutory limit based on the parties' stipulation that Wilshire suffered damages in the amount of $255,954.

Slack filed a motion to stay the bankruptcy court's order pending appeal. He did not post a supersedeas bond. The motion for a stay was denied by the district court. On July 17, 1997, Slack appealed the bankruptcy court's order to the district court. The district court affirmed the judgment of the bankruptcy court on December 19, 1997. Slack filed a timely notice of appeal on January 20, 1998.

In the interim, on September 24, 1997, the state court entered final judgment in favor of Wilshire holding Slack jointly and severally liable for $455,480 plus interest.[3] On March 31, 1998, Wilshire filed a motion for this court to take judicial notice of the state court's judgment. This motion was filed after Slack's initial brief before this court but prior to Wilshire's response. Slack responded to the motion for judicial notice in a separate brief, and in his reply brief. Slack argues that the state court judgment is irrelevant to the issues presented in this appeal because it was entered after the filing of the bankruptcy petition and, therefore, cannot be used to determine the amount of his noncontingent, liquidated, unsecured debts.

Before this court, Slack contends that the bankruptcy court erred in ruling that the stipulation regarding Wilshire's losses demonstrated that the amount of the debt was liquidated as of the date the Chapter 13 petition was filed. He also contends that the state court's tentative judgment finding him liable to Wilshire for $659,971 cannot be used collaterally to estop him

---

2. The bankruptcy court excluded the $19,446 incurred by Wilshire for the investigation of the claim from its calculations and included only the actual amount of the wrongful death claim and property damage.

3. The final judgment in favor of Wilshire appears less than the tentative ruling, but only because the tentative ruling did not distinctly specify the amount of restitutionary awards to other parties. In actuality, the total final judgment against Slack was for $854,060.11 with $455,480 awarded to Wilshire.

from asserting that he did not owe the debt to Wilshire. Slack maintains that under either scenario, "as Wilshire can only establish the amount of its claim, and not Slack's liability, Wilshire's claim is unliquidated." Appellant's Opening Brief at 6.

## II

▓▓▓▓ This court reviews *de novo* a district court's decision to affirm a bankruptcy court's order. *See Fostvedt v. Dow (In re Fostvedt)*, 823 F.2d 305, 306 (9th Cir. 1987). This court reviews the bankruptcy court's decisions of law *de novo* and its findings of fact under the clearly erroneous standard. *See id.* Whether a debt is liquidated involves the interpretation of the Bankruptcy Code and is reviewed *de novo. See Federal Deposit Ins. Corp. v. Wenberg (In re Wenberg)*, 94 B.R. 631, 633 (9th Cir. BAP 1988), *aff'd*, 902 F.2d 768 (9th Cir.1990). The amount of the debt is reviewed for clear error. *See id.*

An individual qualifies for Chapter 13 relief only if his or her debts do not exceed a certain sum at the time of filing. At the time Slack filed his petition, section 109(e) stated:

> Only an individual with regular income that owes, on the date of filing the petition, noncontingent, liquidated, unsecured debts of less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the petition noncontingent, liquidated, unsecured debts that aggregate less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e) (1997) [4].

▓▓▓▓ The language of the statute clearly states that the amount of the debt is determined as of **"the date of the filing of the petition."** 11 U.S.C. § 109(e) (emphasis added). The courts that have considered this issue have narrowly construed the quoted portion of § 109(e). They hold that a bankruptcy court cannot look to postpetition events to determine the amount of the debt. *See In re Robertson*, 84 B.R. 109 (Bankr.S.D.Ohio 1988) (holding that debt must be proved to exceed the statutory limit at the time of filing) (*citing In the Matter of Pearson*, 773 F.2d 751 (6th Cir. 1985) (holding that court will only look at petition to determine the amount of the debts owed)); *In re Morton*, 43 B.R. 215, 220 (Bankr.E.D.N.Y.1984). Because we cannot consider the final judgment entered in the state court, after the petition was filed, in deciding the amount of the debt owed by Slack, we must deny Wilshire's motion for judicial notice as irrelevant to our task.

Under § 109(e), a debtor is ineligible for Chapter 13 relief if his or her noncontingent, liquidated, unsecured debts exceed the statutory limit of $250,000. *See* 11 U.S.C. § 109(e) (1997). This circuit has held that a debt is liquidated for the purposes of calculating eligibility for relief under § 109(e) if the amount of the debt is readily determinable. In *In re Fostvedt*, we stated that the question of whether a debt is liquidated "turns on whether it is subject to 'ready determination and precision in computation of the amount due.' " 823 F.2d at 306 (quoting *Sylvester v. Dow Jones and Co., Inc. (In re Sylvester)*, 19 B.R. 671, 673 (9th Cir. BAP 1982)). In *In re Wenberg*, we affirmed for the reasons stated by the bankruptcy appellate panel ("BAP"). *See* 902 F.2d at 768. The BAP stated in its opinion: "The definition of 'ready determination' turns on the distinction between a simple hearing to determine the amount of a certain debt, and an extensive and contested evidentiary hearing in which substantial evidence may be

---

4. Section 109(e) was amended in 1998 to raise the ceiling to $269,250 for unsecured debts and $807,750 for secured debts. *See* Memorandum from the Administrative Office of the United States Courts, March 17, 1998; 11 U.S.C. § 109(e) (1998). Hereinafter, all citations to § 109(e) refer to the 1997 version in effect at the time Slack filed his petition.

necessary to establish amounts or liability." *In re Wenberg,* 94 B.R. at 634.

Bankruptcy courts in this circuit have held that disputes regarding liability arising 'out of contract and tort claims do not render a debt unliquidated. *See Nicholes v. Johnny Appleseed of Wash. (In re Nicholes),* 184 B.R. 82, 90 (9th Cir. BAP 1995) (debt liquidated because amount easily ascertainable); *Loya v. Rapp (In re Loya),* 123 B.R. 338, 341 (9th Cir. BAP 1991) (even though claim of creditors was based on tort and no judgment had been entered, debt liquidated because some of the creditors would admit that claim was barred by statute of limitations and, therefore, the amount was readily ascertainable at $0 after a simple hearing); *In re Sylvester,* 19 B.R. at 673 (contract claim is easily ascertainable and, therefore, debt is liquidated even though liability is disputed); *In re King,* 9 B.R. 376, 379 (Bkrtcy.D.Or. 1981) (claim for punitive damages not liquidated because amount not easily ascertainable).

The majority of the courts outside this circuit that have considered the question have determined that a debt is liquidated if the amount of the debt is readily ascertainable. These courts have ruled that a dispute regarding liability does not necessarily render a debt unliquidated. *See Mazzeo v. United States (In re Mazzeo),* 131 F.3d 295, 304 (2d Cir.1997) (holding that liquidated refers to the value of the claim and not the existence of liability); *United States v. Verdunn,* 89 F.3d 799, 802 (11th Cir.1996) (same); *In re Knight,* 55 F.3d 231, 235 (7th Cir.1995) (holding that if amount of claim can be determined, then debt is liquidated even though debtor may dispute liability); *In re Barcal,* 213 B.R. 1008, 1013–14 (8th Cir. BAP 1997) (holding a debt is liquidated if the process for determining the amount of the claim is "fixed, certain, or otherwise determined by a specific standard" regardless of whether liability is disputed or the amount of evidence which may need to be considered to determine if there is liability).

Some bankruptcy courts that follow the "readily ascertainable" standard have held that a dispute regarding liability for a debt will affect the liquidity of the debt. *See In re Lambert,* 43 B.R. 913, 921 (Bankr. D.Utah 1984); *In re Baird,* 228 B.R. 324, 331 (Bankr.M.D.Fla.1999). In *In re Lambert,* the court held that any dispute regarding liability will render a debt unliquidated. *See* 43 B.R. at 921. In *In re Baird,* the court held that the degree of the dispute regarding liability will determine if the debt is liquidated. *See* 228 B.R. at 331. If the dispute is too great, and the amount of the debt thereby rendered indeterminable, then the debt is not liquidated. *See id.* at 331 (holding debt not liquidated if need extensive factual discovery on amount and liability).

Other courts look only at the face of the petition and calculate the debts based on what the debtor alleged in good faith. *See In the Matter of Pearson,* 773 F.2d 751, 756 (6th Cir.1985) (holding that the court will only look to the schedules to see if made in good faith and to determine if the debt meets the statutory limitations).

■ We are persuaded that under this circuit's "readily determinable" standard, if the amount of the creditor's claim at the time of the filing the petition is ascertainable with certainty, a dispute regarding liability will not necessarily render a debt unliquidated. Whether the debt is subject to "ready determination" will depend on whether the amount is easily calculable or whether an extensive hearing will be needed to determine the amount of the debt, or the liability of the debtor. *See In re Wenberg,* 94 B.R. at 634. Therefore, the mere assertion by the debtor that he is not liable for the claim will not render the debt unliquidated for the purposes of calculating eligibility under § 109(e).

■ According to Black's Law Dictionary, a liquidated debt is one in which "it is certain what is due and how much is due." Black's Law Dictionary 930 (6th ed.1990). "Therefore, the concept of a liquidated debt relates to the amount of liability, not the existence of liability." *Verdunn,* 89 F.3d at 802. Even if a debtor disputes the existence of liability, if the *amount* of the debt is calculable with certainty, then it is liquidated for the pur-

poses of § 109(e). *See In re Mazzeo*, 131 F.3d at 304; *Verdunn*, 89 F.3d at 802; *In re Knight*, 55 F.3d at 235.

■ Slack argues that this court's decision in *In re Fostvedt* supports his contention that a liquidated debt is one that is fixed both in amount and actual liability. Slack's argument misconstrues our decision in that matter. While it is true that we stated that "whether a debt is liquidated turns on whether it is subject to 'ready determination and precision in computation of the amount due,' " we declined to resolve the question whether a dispute regarding liability can render a debt unliquidated in *In re Fostvedt* because there was no dispute in that matter regarding liability. 823 F.2d at 306 (citation omitted). We resolve that question today. We hold that a debt is liquidated if the amount is readily ascertainable, notwithstanding the fact that the question of liability has not been finally decided.

Relying on the BAP decision in *In re Nicholes*, Slack also contends that "both liability and amount must be proven before a debt can be considered liquidated in the Ninth Circuit." Appellants Opening Brief at 11. The holding in *In re Nicholes* does not support this proposition. Instead, the BAP ruled as follows: "Construing *Sylvester* with *Wenberg* and *Loya*, we hold that the fact that a claim is disputed does not per se exclude the claim from the eligibility calculation under § 109(e), since a disputed claim is not necessarily unliquidated. So long as a debt is subject to ready determination and precision in computation of the amount due, then it is considered liquidated and included for eligibility purposes under § 109(e), regardless of any dispute." *In re Nicholes*, 184 B.R. at 90–91. Thus, contrary to Slack's interpretation, the opinion of the BAP in *In re Nicholes* is consistent with the law of this circuit.

■ Here, the amount of the debt at the time the petition was filed is readily determinable because the parties stipulated before the state and the bankruptcy courts that Wilshire suffered damages in the

amount of $255,954. This amount exceeds the $250,000 maximum limit to a bankruptcy court's jurisdiction over a Chapter 13 petition. This stipulation established the precise amount of Wilshire's claim under the "readily determinable" standard. *See In re Fostvedt*, 823 F.2d at 306. The fact that Slack contests his liability for these debts does not render the debt unliquidated.

Because the bankruptcy court did not consider the amount of damages awarded by the state court in its tentative decision, we need not decide the interesting question regarding whether the amount of Slack's liquidated debt was $659,971, the amount set forth in the state court's tentative decision. The bankruptcy court did not err in ruling that the parties' stipulation that Wilshire suffered $255,954 in damages was enough to establish that Slack had a noncontingent, liquidated, unsecured debt which exceeds the statutory limit.

The judgment is AFFIRMED. Wilshire's motion for judicial notice is DENIED.