In re: Joyce GEARY, aka Joyce Geary–Eckard and Joyce Eckard, Debtor,

Joyce Geary, Appellant,

v.

United States of America, et al., Appellees.

No. 02–55433.

D.C. No. CV–01–03736–SVW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2002.

Decided Jan. 8, 2003.

Before: REINHARDT,
O'SCANNLAIN and PAEZ, Circuit
Judges.

### MEMORANDUM [*]

Geary appeals from the dismissal of her Chapter 13 bankruptcy petition. The bankruptcy court granted the government's motion to dismiss, and the district court subsequently affirmed. Because the relevamt facts are known to the parties they are not repeated.

The relevant statutory provision, 11 U.S.C. § 109(e), provides that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than [$269,250] ... may be a debtor under Chapter 13 of this title."%[1] It is undisputed that the tax debt in this case was unsecured and exceeded $269,250. Therefore, the issue before this court is whether the tax debt was noncontingent and liquidated.

Geary argues that her tax debt was contingent because it had not been assessed as of the date of the filing of her Chapter 13 petition. However, it is well-settled "that a debt is noncontingent if all events giving rise to liability occurred prior to the filing of the bankruptcy petition." *Nicholes v. Appleseed (In re Nicholes)*, 184 B.R. 82, 88 (B.A.P. 9th Cir.1995). A contingent debt is "one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor." *Fostvedt v. Dow (In re Fostvedt)*, 823 F.2d 305, 306 (9th Cir.1987) (citation and internal quotation marks omitted). In fact, "[w]hatever the debtor believes, even a bona fide dispute over liability for a claim does not make the debt contingent." *In re Nicholes*, 184 B.R. at 89. Therefore, in the case at hand, the mere fact that the government had not secured judgment on its claim for tax deficiency by the time of

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Although 11 U.S.C. § 109(e) lists $250,000 as the ceiling for unsecured debts, the Judicial Conference increased the eligibility amount to $269,250 for petitions filed between April 1,1998 and April 1, 2001. *See* Judicial Conference of the United States, Notice, 163 F.R. 7179 (February 3, 1998), *superseded by* 66 F.R. 10910 (February 20, 2001); 11 U.S.C.A. §§ 104, 109 Note Adjustment of Dollar Amounts (West Supp.2001).

filing does not render such claim contingent.

The acts that led to Geary's tax debt involved her tax returns for the years 1992, 1993, and 1994. Geary's failure to pay her taxes in full for these years triggered her liability to the government. In addition, the government issued deficiency notices for these incurred debts several years prior to the date of filing. Therefore, even though Geary had not been assessed with the tax liability, her debt to the IRS was noncontingent as of the date of the filing of her Chapter 13 petition because all events giving rise to liability had already occurred.

The last remaining issue is whether Geary's tax debt was liquidated within the meaning of § 109(e). A debt is liquidated "if the amount of the debt is readily determinable." *Slack v. Wilshire Ins. Co. (In re Slack)*, 187 F.3d 1070, 1073 (9th Cir. 1999). The court in *In re Slack* canvassed the holdings of bankruptcy courts in the Ninth Circuit as well as the majority of courts outside this circuit and determined that the prevailing doctrine was that a "debt is liquidated if the amount of the debt is readily ascertainable." *Id.* at 1074.

At oral argument Geary's counsel stipulated that a dispute over the existence of liability does not preclude such debt from being liquidated within the meaning of § 109(e). In fact, counsel advised the court that liability was to be assumed, and that the sole issue before the court for purposes of § 109(e) liquidation was whether the amount of Geary's tax debt was readily calculable at the time of the Chapter 13 filing.

Geary's counsel further conceded that at the time of filing, the amount of the disputed tax debt was in excess of the $269,250 statutory ceiling established by § 109(e). Whether the debt was $1 million or $2 million or some other amount is irrelevant because both parties agree that the amount exceeded the statutory limit. When both parties stipulate that a debt exceeds the statutory limit, it is simply immaterial for purposes of § 109(e) that they disagree on the precise amount. Therefore, because it is "readily determinable" that Geary's tax debt at the time of filing was in excess of the statutory limit, we hold that her debt was liquidated within the meaning of § 109(e). Accordingly, we conclude that Geary is ineligible for Chapter 13 relief.

AFFIRMED.