MEMORANDUM *
Debtor-Appellant Ronald Grayson (“Grayson”) appeals the bankruptcy court’s order ruling him ineligible for Chapter 13 relief. We affirm.
Grayson qualifies as a Chapter 13 debtor only if, on the date he filed his bankruptcy petition, he owed less than $290,525 in noncontingent, liquidated, unsecured debts. See 11 U.S.C. § 109(e); Revision of Certain Dollar Amounts in the Bankruptcy Code prescribed under section 104(b) of the Code, 66 Fed.Reg. 10910-02 (Feb. 20, 2001) (adjusting the debt limit under § 109(e) from $269,250 to $290,525). “The language of the statute clearly states that the amount of the debt is determined as of ‘the date of the filing of the petition.’ ” Slack v. Wilshire Ins. Co. (In re Slack), 187 F.3d 1070, 1073 (9th Cir.1999) (quoting 11 U.S.C. § 109(e)). Therefore, in determining Chapter 13 eligibility, the “bankruptcy court cannot look to post-peti *542 tion events to determine the amount of the debt.” Id.
The fact that the King County Superior Court ordered Grayson to put the $230,087.53 of proceeds he had received from the three real estate contracts into a blocked trust account may have affected Grayson’s interest in the proceeds, but not the debt he owed to Creditor-Appellee Mihoko Tanaka (“Tanaka”).
Grayson’s reliance on Davis v. Cox, 356 F.3d 76 (1st Cir.2004), to support his contention that Tanaka had a secured interest in the funds is misplaced. Even if Davis was the law of this circuit, it does not support Grayson’s argument. The First Circuit did not conclude that Davis had a secured interest in the escrowed funds. Rather, the court held that Cox was divested of legal title, and therefore the es-crowed funds did not become a part of Cox’s bankruptcy estate. Id. at 93-94 (“[T]he funds held in custodia legis did not pass into the bankruptcy estate upon the filing of the bankruptcy petition.”). Assuming Grayson’s estate maintains an interest in the funds placed in the blocked account, Tanaka’s putative security interest is directed at the funds in the blocked account, not at any contingent property interest that may remain in the estate. Because a claim is secured only “to the extent of the value of such creditor’s interest in the estate’s interest in such property,” § 506(a)(1), Tanaka has no cognizable security interest for purposes of § 109(e).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.