**In re: Justin Eugene EVANS and Jeanne Jeselle Evans, a.k.a Jeanette Jeselle Hodin, Debtors.**

**Justin J. Shrenger and Howard Hui Zheng, Appellants,**

v.

**Justin Eugene Evans and Jeanne Jeselle Evans, Appellees.**

**Nos. 06–35350, 06–35790.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Nov. 6, 2007.

Jerry Todd Tracy, Esq., Cynthia A. Kuno, Esq., Crocker Kuno Ostrovsky LLC, Seattle, WA, for Debtors.

Jay S. Jump, Esq., Jump Law Group, Kent, WA, Mark T. Young, Esq., Donahoe & Young LLP, Valencia, CA, for Appellants.

Jeanne Jeselle Evans, Albuquerque, NM, pro se.

Appeals from the United States District Court for the Western District of Washington, Marsha J. Pechman, District Judge, Presiding; Klein, Nielsen, Pappas, Bankruptcy Judges, Presiding. D.C. No. CV–05–01562–MJP, B.A.P. No. WW–05–01425–NKPa.

Before: GOULD and PAEZ, Circuit Judges, and STROM, District Judge.*

MEMORANDUM **

This case is before the Court on two consolidated appeals which arose out of the same bankruptcy litigation. Shrenger and Zheng (the "Appellants") appeal from the judgment of the district court affirming the bankruptcy court's approval of the Evans' conversion of their bankruptcy to Chapter 13 and from the judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's confirmation of the Evans' Chapter 13 plan. We review *de novo* a district court's or BAP's decision to affirm a bankruptcy court's order. *Slack v. Wilshire Ins. Co. (In re Slack)*, 187 F.3d 1070, 1073 (9th Cir.1999); *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1222 (9th Cir.1999).

■ The Appellants argue that the Evanses should not have been allowed to convert their bankruptcy case from Chapter 7 to Chapter 13 because the plan was not feasible as the Evans' debts exceeded the statutory maximum, and because the conversion to Chapter 13 was done in bad faith. The feasibility of a plan is a factual question which an appellate court reviews for clear error. *Acequia, Inc. v. Clinton (In re Acequia)*, 787 F.2d 1352, 1358 (9th Cir.1986). The bankruptcy court had evidence before it that the Evanses would be able to take substantial tax deductions in the relevant year, which tended to show that they were not under-withholding and their income was not overstated. This ends our inquiry into feasibility because it was not clearly erroneous for the bankruptcy court to rely on this evidence, and

therefore it was not error for the BAP to affirm.

■ The next question is whether the state court litigation was a liquidated debt which could make the Evanses ineligible for Chapter 13 under 11 U.S.C. § 109(e). "Whether a debt is liquidated involves the interpretation of the Bankruptcy Code and is reviewed *de novo.*" *In re Slack*, 187 F.3d at 1073 (internal citations omitted). A careful review of the record satisfies us that the amount of the debt was not readily determinable at the time of the conversion. Therefore the bankruptcy court did not err in holding that the claim was unliquidated, and the district court did not err in affirming.

■ Finally, the Appellants argue that the Evanses converted their case in bad faith. A bankruptcy judge's findings regarding a debtor's bad faith are reviewed for clear error. *See In re Leavitt*, 171 F.3d at 1222–23 (reviewing a finding of bad faith); *Downey Sav. & Loan Ass'n v. Metz (In re Metz)*, 820 F.2d 1495, 1497 (9th Cir.1987) (reviewing a finding of good faith). The bankruptcy court considered the relevant factors and did not clearly err in finding a lack of bad faith, thus the district court did not err in affirming. *See In re Leavitt*, 171 F.3d at 1224.

There being no reversible error, the judgment of the BAP in Case No. 06–35790 is AFFIRMED and the judgment of the district court in Case No. 06–35350 is AFFIRMED.

* The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.