

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SIMON CHAN,

          Appellant,

v.

SCOTT FRAZER, Creditor; et al.,

          Appellees.

No.   21-16462

D.C. No.  5:20-cv-05593-LHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted March 27, 2023[**]
San Francisco, California

Before: GOULD and IKUTA, Circuit Judges, and KORMAN,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Simon Chan appeals the district court's decision affirming the bankruptcy court's denial of his motion to convert his Chapter 7 bankruptcy petition to a Chapter 13 petition. We have jurisdiction, *see* 28 U.S.C. § 158(d)(1), and affirm.

The bankruptcy court did not err in considering pre-petition evidence in addition to Chan's Schedule E/F to determine Chan's eligibility to be a debtor under Chapter 13. 11 U.S.C. § 109(e). The bankruptcy court did not err in finding that Schedule E/F was not filed in good faith because it "significantly understated" the debt owed to the listed creditors.[1] *See Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 982 (9th Cir. 2001).

The bankruptcy court did not err in concluding that Chan's liquidated, non-contingent, unsecured debts aggregated more than $394,725 on the date of the filing of the Chapter 13 petition. *See* 11 U.S.C. § 109(e); 81 FR 8748-01 (2016) The creditors' claims were liquidated, or "readily determinable," at the time of the filing because the creditors' complaint sought restitution or disgorgement of their initial investments, which totaled $662,000. *Slack v. Wilshire Ins. Co. (In re Slack)*, 187 F.3d 1070, 1073 (9th Cir. 1999). The creditors' claims were not contingent because the acts giving rise to Chan's liability to the creditors occurred

---

[1] Because substantial evidence supports the bankruptcy court's finding, we do not address its alternative finding that Schedule E/F omitted one of the creditors, Alan Miller.

before Chan filed his petition in bankruptcy. *See Fountain v. Deutsche Bank Nat'l Tr. Co.(In re Fountain)*, 612 B.R. 743, 749 (B.A.P. 9th Cir. 2020). Therefore, the $662,000 debt was liquidated and non-contingent even though Chan continues to dispute his liability and even though final judgment on the creditors' complaint was not entered until after the Chapter 13 petition was filed. *See In re Slack*, 187 F.3d at 1073–74. The bankruptcy court's imposition of a constructive trust on Chan's real estate assets merely provides a remedy for the creditors, but does not make the claims themselves unliquidated or contingent. Therefore, Chan was not eligible to be a Chapter 13 debtor.[2]

**AFFIRMED.**

---

[2] Chan does not challenge the bankruptcy court's findings that the creditors' claims are unsecured and exceed the statutory maximum, thereby forfeiting the argument. *See Martin v. City of Oceanside*, 360 F.3d 1078, 1081 (9th Cir. 2004).