**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: JASON PHILIP POWELL,

*Debtor*,

------------------------------

TICO CONSTRUCTION COMPANY
INC.,

*Appellant*,

v.

WILLIAM ALBERT VAN METER,
Chapter 13 Trustee; MELISSA
HOOVEN, FKA Melissa Powell;
JASON PHILIP POWELL,

*Appellees*.

No. 22-60052

BAP No.
22-1014

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Lafferty III, and Brand, Bankruptcy Judges,
Presiding

Argued and Submitted December 8, 2023
San Francisco, California

Filed October 1, 2024

Before:  Daniel P. Collins, Danielle J. Forrest, and Jennifer
Sung, Circuit Judges.

Opinion by Judge Sung;
Dissent by Judge Collins

## SUMMARY[*]

### Bankruptcy

The panel affirmed the Bankruptcy Appellate Panel's opinion affirming the bankruptcy court's order granting Jason Powell's motion to voluntarily dismiss his Chapter 13 case under 11 U.S.C. § 1307(b).

TICO Construction Company, Inc., a creditor, opposed dismissal and moved to convert Powell's case and compel him to proceed under a different chapter of the Bankruptcy Code. TICO asserted that Powell was not actually eligible for Chapter 13 relief when he filed his petition and that, as a result, he had no right to dismiss his case under § 1307(b). The bankruptcy court declined to resolve TICO's challenge to Powell's Chapter 13 eligibility and granted Powell's motion to dismiss.

The panel held that, considering only the plain text of § 1307(b), all that is required for voluntary dismissal is (1) a

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

request, (2) by a debtor, (3) who has a Chapter 13 case, (4) that has not been converted to another enumerated chapter under Title 11. The panel held that under *Nichols v. Marana Stockyard & Lovestock Mkt., Inc. (In re Nichols)*, 10 F.4th 956 (9th Cir. 2021), § 1307(b) gives a debtor an absolute right to dismiss a Chapter 13 case, even if the debtor filed a Chapter 13 petition in bad faith.

TICO argued that the term "debtor" in § 1307(b) includes only a debtor who meets the Chapter 13 eligibility requirements. The panel held that, even assuming TICO's interpretation of "debtor" was correct, which the panel doubted, the bankruptcy court was not required to conclusively determine Powell's eligibility for Chapter 13 relief before granting his request for voluntary dismissal. The panel held that when a debtor files a Chapter 13 bankruptcy petition pursuant to 11 U.S.C. § 301(a) and certifies that they meet the chapter-specific eligibility requirements, the debtor is presumably a debtor under Chapter 13. The panel explained that § 301(a) does not expressly require that the filing party must "actually" be a debtor or must be a "bona fide" debtor or that the bankruptcy court must verify the debtor's eligibility. The panel wrote that the Bankruptcy Code's repeated reference to cases commencing with the filing of a petition, not with an eligibility determination, further supported the panel's holding, as did the fact that when it is determined that a debtor is not eligible for relief under the chapter they designated in their petition, the Bankruptcy Code does not require the bankruptcy court to deem the commencement of their case invalid.

Dissenting, Judge Collins wrote that, under the language of 11 U.S.C. §§ 103(j) and 1307(b), the various rights and procedures specified in Chapter 13, including the absolute

right of voluntary dismissal under § 1307(b), apply only in a case that is properly under that chapter. Thus, Judge Collins would hold that TICO could oppose Powell's invocation of the right of voluntary dismissal on the ground that the case was not properly filed under Chapter 13, and should be converted to a proceeding under another chapter, because Powell was ineligible to proceed under Chapter 13.

## COUNSEL

Patrick S. O'Rourke (argued) and Louis E. Humphrey III, Humphrey O'Rourke PLLC, Reno, Nevada, for Appellant.

Michael G. Millward (argued), Millward Law Ltd., Minden, Nevada; William A. Van Meter, Chapter 13 Trustee, Reno, Nevada; Melissa Hooven, Pro Se, Minden, Nevada; for Appellees.

Christina L. Henry, Henry & DeGraaff PS, Seattle, Washington, for Amicus Curiae National Consumer Bankruptcy Rights Center.

**OPINION**

SUNG, Circuit Judge:

Jason Powell filed a petition under Chapter 13 of the Bankruptcy Code. After several months of proceedings, Powell moved to voluntarily dismiss his case under 11 U.S.C. § 1307(b). Powell's former employer and a creditor in the proceedings—TICO Construction Company, Inc.— opposed dismissal and moved to convert Powell's case and compel him to proceed under a different chapter of the Bankruptcy Code. TICO asserted that Powell was not actually eligible for Chapter 13 relief when he filed his petition and that, as a result, Powell had no right to dismiss his case under § 1307(b). The bankruptcy court declined to resolve TICO's challenge to Powell's Chapter 13 eligibility and granted Powell's motion to dismiss. TICO appealed to the Ninth Circuit Bankruptcy Appellate Panel ("BAP"), and the BAP affirmed.

In this appeal, TICO argues that the bankruptcy court abused its discretion by declining to resolve TICO's challenge to Powell's eligibility before granting his § 1307(b) motion to dismiss. For the reasons explained below, we conclude that the bankruptcy court did not err, and we affirm.

**BACKGROUND**

In 2000, TICO sued Powell—its former employee—in Nevada state court. After years of litigation, the state court entered a judgment against Powell for over $200,000. For over a decade, TICO unsuccessfully attempted to collect this judgment from Powell.

Powell filed a petition under Chapter 13 of the Bankruptcy Code in 2021. A Chapter 13 proceeding allows individuals who have incurred debts under certain limits to retain assets and propose a reorganization plan to repay their debts over a three-to-five-year period. *See Castleman v. Burman (In re Castleman)*, 75 F.4th 1052, 1055 (9th Cir. 2023). The filing of a Chapter 13 petition creates an estate and triggers an automatic stay, which "prohibit[s] all entities from making collection efforts against the debtor or the property of the debtor's estate." *HSBC Bank USA, N.A. v. Blendheim (In re Blendheim)*, 803 F.3d 477, 484 (9th Cir. 2015) (citing 11 U.S.C. § 362).

The eligibility requirements for Chapter 13 relief are specified in 11 U.S.C. § 109(e). During the relevant period,[1] § 109(e) provided that:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than [$419,275] and noncontingent, liquidated, secured debts of less than [$1,257,850] or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts

---

[1] Every three years the dollar amounts in § 109(e) are adjusted to reflect certain changes in the Consumer Price Index. 11 U.S.C. § 104(a). The numbers cited above reflect the figures as of Powell's 2021 filing date. *See* 84 Fed. Reg. 3488. This is the 2019 version of this statute, which was most recently amended in 2022. *See* Bankruptcy Threshold Adjustment and Technical Corrections Act, Pub. L. 117-151, 136 Stat. 1298 (2022).

that aggregate less than [$419,275] and noncontingent, liquidated, secured debts of less than [$1,257,850] may be a debtor under chapter 13 of this title.

Powell's petition and related filings stated that he met the Chapter 13 eligibility requirements, including that his debts were below the statutory thresholds. Powell also declared under penalty of perjury that he had examined his petition before filing and that the information provided in the petition was true and correct. Powell's attorney likewise certified that he had informed Powell about the eligibility requirements and available relief for each chapter, and that he had notified Powell of the consequences of "knowingly and fraudulently conceal[ing] assets or mak[ing] a false oath or statement under penalty of perjury in connection with a case" under Title 11.

TICO objected to the discharge of Powell's debt relating to its uncollected state court judgment. TICO asserted that this debt was nondischargeable because Powell had defrauded TICO, embezzled funds from TICO, and committed common larceny of certain confidential information. *See* 11 U.S.C. § 523(a)(4) (making nondischargeable certain debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny"). TICO also argued that this debt was not dischargeable under 11 U.S.C. § 523(a)(6), which exempts from discharge certain debts "for willful and malicious injury by the debtor to another entity or to the property of another entity."

Some months later, Powell moved to voluntarily dismiss his Chapter 13 case under § 1307(b). TICO opposed dismissal, moved to convert Powell's Chapter 13 case to a

Chapter 7 or Chapter 11 case,[2] and sought sanctions. TICO asserted that Powell had never met the Chapter 13 eligibility requirements and that he filed his petition in bad faith. TICO further argued that, because Powell was ineligible for Chapter 13 relief under § 109(e), the bankruptcy court had no authority to dismiss his case under § 1307(b), and that it should convert Powell's case to Chapter 7 or 11 proceedings instead. Alternatively, TICO asked the bankruptcy court to sanction Powell and place conditions on dismissal.

The bankruptcy court dismissed Powell's petition, reasoning that § 1307(b), as interpreted by *Nichols v. Marana Stockyard and Livestock Mkt., Inc. (In re Nichols)*, 10 F.4th 956 (9th Cir. 2021), gave Powell "an absolute right to voluntarily dismiss his Chapter 13 bankruptcy case." The bankruptcy court "further decline[d] TICO's request for an award of attorney's fees and sanctions." TICO appealed that decision, and the BAP affirmed. *Tico Constr. Co. v. Van Meter (In re Powell)* 644 B.R 181, 187 (9th Cir. BAP 2022). The BAP agreed that Powell had an absolute right to dismiss. *Id.* at 186. It also rejected TICO's contention that Powell was not entitled to voluntary dismissal because he acted in bad faith, explaining "that the bankruptcy court has other tools to address such abuse," including, for example, imposing a bar on refiling or other conditions under 11 U.S.C. § 105. *Id.* at 187 (citing *Nichols*, 10 F.4th at 964).

---

[2] In Chapter 7 proceedings, unlike Chapter 13 proceedings, "a bankruptcy trustee immediately gathers up and sells all of a debtor's nonexempt assets in the estate, using the proceeds to repay creditors in the order of the priority of their claims." *Blendheim*, 803 F.3d at 485 (citing 11 U.S.C. §§ 704(a)(1), 726). Chapter 11 proceedings allow certain business entities to reorganize their debt. *See Zachary v. California Bank & Tr.*, 811 F.3d 1191, 1193–94 (9th Cir. 2016) (discussing Chapter 7, 11, and 13 proceedings).

TICO timely appealed the BAP's decision to this court.

## STANDARDS OF REVIEW

"Decisions of the BAP are reviewed de novo. We independently review a bankruptcy court's ruling on appeal from the BAP. We review the bankruptcy court's conclusions of law de novo and its factual findings for clear error." *Aspen Skiing Co. v. Cherrett (In re Cherrett)*, 873 F.3d 1060, 1064 (9th Cir. 2017) (citations and quotations omitted).

## ANALYSIS

TICO argues that the bankruptcy court lacked authority under 11 U.S.C. § 1307(b) to dismiss Powell's Chapter 13 case on his request. Section 1307(b) provides:

> On request of the debtor at any time, if the case has not been converted under section 706 [Chapter 7], 1112 [Chapter 11], or 1208 [Chapter 12] of this title, the court shall dismiss a case under this chapter.

Considering only the plain text of § 1307(b), all that is required for voluntary dismissal is (1) a request, (2) by a debtor, (3) who has a Chapter 13 case, (4) that has not been converted to another enumerated chapter under Title 11. Here, TICO does not dispute that (1) Powell requested dismissal under § 1307(b), (2) Powell is a debtor under Title 11, (3) Powell filed a Chapter 13 petition that the bankruptcy court treated as commencing a Chapter 13 case, and (4) the bankruptcy court had not converted Powell's case under Chapters 7, 11, or 12. TICO also acknowledges, as it must, that we have previously held that § 1307(b) gives a debtor an "absolute right to dismiss" a Chapter 13 case, even if the

debtor filed a Chapter 13 petition in bad faith. *Nichols*, 10 F.4th at 963.

Still, TICO argues that the bankruptcy court erred in granting Powell's request for voluntary dismissal under § 1307(b). According to TICO's interpretation of § 1307(b), only a debtor who meets the eligibility requirements for Chapter 13 relief under § 109(e) has an "absolute right" to voluntarily dismiss their case. TICO reasons that because only Chapter 13-eligible debtors have that right, the bankruptcy court cannot grant a debtor's voluntary dismissal request without first determining that they meet the Chapter 13 eligibility requirements. And, when making that determination, the bankruptcy court cannot rely solely on the debtor's petition, even though the debtor must certify in the petition that they meet the eligibility requirements. Instead, the court must resolve any factual or legal questions regarding the debtor's Chapter 13 eligibility. If the court determines that the debtor is not actually eligible for Chapter 13 relief, then it cannot dismiss the case unless doing so is in the best interests of the estate and creditors.

TICO's position requires us to make two interpretive leaps. First, we must agree with TICO's contention that the term "debtor," for the specific purpose of § 1307(b), is different from the definition Congress provided for this term for Title 11 generally. *See* 11 U.S.C. § 101(13). Instead, TICO contends that for purposes of § 1307(b) "debtor" refers only to someone who meets Chapter 13's eligibility requirements. Second, we must agree that § 1307(b) impliedly requires the bankruptcy court to conclusively determine a debtor's Chapter 13 eligibility—including by resolving any eligibility disputes raised after the debtor requested dismissal—before granting the request. As explained below, we seriously doubt that "debtor" should be

interpreted as TICO suggests. But even assuming TICO's interpretation of "debtor" is correct, we conclude that the bankruptcy court is not required to conclusively determine a debtor's eligibility for Chapter 13 relief before granting a request for voluntary dismissal under § 1307(b).

We begin with the meaning of "debtor." Section 1307(b) does not define the term, so we turn to 11 U.S.C. § 101, which defines terms for the purposes of Title 11. Section 101(13) defines "debtor" as a "person or municipality concerning which a case under this title has been commenced." This provision does not expressly define "debtor" as a person who meets chapter-specific eligibility requirements. To the contrary, § 101(13) refers only to commencing "a case under this title." The use of the term "title" instead of "chapter" weighs against TICO's contention that this "debtor" imports chapter-specific eligibility requirements.

In support of its interpretation, TICO relies on § 101(13)'s use of the term "commenced." Section 101 does not define "commenced." But TICO contends that this term refers to 11 U.S.C. § 301(a), which states:

> A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter.

Next, TICO argues that the phrase "may be a debtor" refers to 11 U.S.C. § 109(e), which uses the same phrase when specifying the Chapter 13 eligibility requirements. Section 109(e) states that "[o]nly an individual [meeting statutory income and debt criteria] may be a debtor under chapter 13

of this title." Based on this text, TICO makes the following assertions: A Chapter 13 case is not commenced by the filing of a Chapter 13 petition unless the debtor meets the Chapter 13 eligibility requirements. If the debtor does not actually meet those requirements, then the filing of the petition does not actually commence a Chapter 13 case under § 301(a). If a Chapter 13 case has not actually commenced, then there is no Chapter 13 case to dismiss under § 1307(b). And, therefore, a court cannot dismiss a Chapter 13 case under § 1307(b) unless it first determines that the debtor meets the Chapter 13 eligibility requirements.

In our view, TICO puts too much weight on § 101(13)'s reference to "commenced." That reference, by itself, does not lead us to conclude that Congress intended "debtor" to mean "a person who meets Chapter 13's eligibility requirements"—especially when that interpretation is in tension with § 101(13)'s explicit reference to "title" instead of "chapter."

But we do not need to resolve that interpretive issue. Even if a Chapter 13 case cannot be "commenced by the filing . . . of a petition" pursuant to § 301(a) unless the petition was filed by a debtor who meets Chapter 13's eligibility requirements, that does not mean that the court must definitively determine that the debtor meets those requirements before allowing a dismissal under § 1307(b).

For the reasons explained below, we conclude that, when a debtor files a bankruptcy petition under Chapter 13 and certifies that they meet the chapter-specific eligibility requirements, the debtor is presumptively a debtor under Chapter 13—and the petition filing is enough to commence a Chapter 13 case under § 301(a). And once a Chapter 13 case has been commenced under § 301(a), the debtor has an

absolute right to voluntarily dismiss that case under § 1307(b), and the bankruptcy court is not required to conclusively resolve any disputes about the debtor's Chapter 13 eligibility before granting a dismissal request.

Section 301(a) plainly states that a case is commenced by the filing of a petition—not an eligibility determination by the bankruptcy court. Even though § 301(a) also requires that the filing be done "by an entity that may be a debtor" under the designated chapter, the filing entity's certification of eligibility presumptively establishes that the filing entity "may be a debtor" under the designated chapter.[3] *See Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 982 (9th Cir. 2001) (holding that debtor's Chapter 13 "eligibility should normally be determined by the debtor's originally filed schedules") (citing *Comprehensive Accounting Corporation v. Pearson (Matter of Pearson),* 773 F.2d 751, 756-57 (6th Cir. 1985)).[4] TICO asserts that a filing entity cannot

---

[3] Perhaps this presumption would not apply where a party seeking Chapter 13 bankruptcy protection is facially ineligible for such relief. For example, if a party's total unsecured debt is more than the statutory maximum, they are facially ineligible for relief. *Santos v. Dockery (In re Santos)*, 540 F.Appx. 662, 623 (9th Cir. 2013). For another example, only "individuals" are eligible for Chapter 13 relief. 11 U.S.C. § 109(e). Thus, if an entity filed for Chapter 13 protection, its ineligibility would be obvious on the face of its petition. But here, Powell's ineligibility is not facially obvious, thus we need not decide this issue.

[4] In *Pearson*, the Sixth Circuit held that a bankruptcy court should determine a debtor's eligibility based on the originally filed schedules— *not* "after a hearing on the merits of the claims." *Pearson*, 773 F.2d at 756. In so holding, our sister circuit persuasively explained: "[I]t is necessary that the procedures for determining initial [bankruptcy court] jurisdiction cannot be allowed to dominate the proceedings themselves nor to delay them unduly. . . . [T]he means of determining eligibility

establish Chapter 13 eligibility by "merely checking the box for Chapter 13" in the petition. But § 301(a) does not preclude the bankruptcy court from relying on a presumption of eligibility established by the debtor's certification to determine that the petition filing has commenced a case. Nor does § 301(a) expressly require that the filing party must "actually" be a debtor or must be a "bona fide" debtor or that the court must verify the debtor's eligibility. TICO simply does not identify any statutory text that requires or even suggests that the court must verify the debtor's eligibility before a dismissal can be granted under § 1307(b).[5]

The Bankruptcy Code's repeated reference to cases as commencing with the filing of a petition—not with an eligibility determination—adds further support for our holding. For example, the Code defines the term "petition" as "petition filed under section 301 . . . commencing a case under this title." 11 U.S.C. § 101(42) (footnote omitted); *see also, e.g.*, 11 U.S.C. § 302 ("A joint case under a chapter of this title is commenced by the filing with the bankruptcy

---

must be efficient and inexpensive. To allow an extensive inquiry in each case would do much toward defeating the very object of the statute." *Id* at 757.

[5] TICO argues that the bankruptcy court must conclusively determine a debtor's Chapter 13 eligibility before dismissing a case under § 1307(b), without explicitly arguing that the court must do so when a debtor first files a Chapter 13 petition. But that is the implication of TICO's textual argument. TICO argues that a court cannot dismiss a case under § 1307(b) unless a case has "actually been commenced" under § 301(a). And TICO argues that a Chapter 13 case is *not* actually commenced under § 301(a) unless the debtor is eligible for Chapter 13 relief at the time the petition is filed. If TICO's interpretation of § 301(a) is correct, then the bankruptcy court would need to conclusively determine the debtor's eligibility when they first file their petition—before the court, debtor, trustee, and other parties could proceed.

court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse."); *id.* § 303(b) ("An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title[.]"); *id.* § 303(k)(1) (protecting "information relating to such petition or to the case commenced by the filing of such petition").

Finally, when it is determined that a debtor is not eligible for relief under the chapter they designated in their petition, the Code does not require the bankruptcy court to deem the commencement of their case invalid and void all proceedings that occurred up to that point. Instead, the bankruptcy court may consider a motion to convert or dismiss based on the debtor's ineligibility. *See, e.g.*, *Adams v. Zarnel (In re Zarnel)*, 619 F.3d 156, 171–72 (2d Cir. 2010) (holding bankruptcy court was not required to strike petitions filed by ineligible debtors and could instead grant trustee's motions to dismiss);[6] *Fountain v. Deutsche Bank*

---

[6] Our interpretation of §§ 301(a) and 1307(b) is consistent with Second Circuit's interpretation of § 301(a) in *Zarnel*. There, the court considered several cases in which debtors filed petitions without satisfying the credit-counseling requirement codified at 11 U.S.C. § 109(h). 619 F.3d at 158–59. The bankruptcy court concluded that the debtors' failure to satisfy that requirement before filing their petitions meant they were ineligible for relief at the time they filed and consequently, their petitions had not "commen[ced]" cases pursuant to § 301. *Id.* at 159–60. The Second Circuit reversed and remanded, concluding that, "although an individual may be ineligible to be a debtor under the Bankruptcy Code for failure to satisfy the strictures of § 109(h), the language of § 301 does not bar that debtor from *commencing* a case by filing a petition; it only bars the case from being maintained as a proper voluntary case under the chapter specified in the petition." *Id.* at 166–67. In reaching that

*Nat'l Trust Co. (In re Fountain)*, 612 B.R. 743, 747 (9th Cir. BAP 2020) (creditor moved to dismiss, arguing debtors exceeded the § 109(e) statutory debt limits); *Smith v. Rojas (In re Smith)*, 435 B.R. 637, 640 (9th Cir. BAP 2010) (trustee moved to dismiss or convert based on § 109(e) ineligibility); *Slack v. Wilshire Ins. Co. (In re Slack)*, 187 F.3d 1070, 1071 (9th Cir. 1999), *as amended* (Sept. 9, 1999) (creditor moved to dismiss, arguing same).[7] A party in interest or trustee also

---

conclusion, the court rejected the textual argument that TICO makes here regarding the terms "commenced" and "may be a debtor." *Id.* at 165–66.

[7] The dissent cites *Wenberg v. FDIC (In re Wenberg)*, 94 B.R. 631, 636 (9th Cir. BAP 1988), *aff'd* 902 F.2d 768 (9th Cir. 1990), but the holding and reasoning of that case support our conclusion. In that case, the debtors filed a Chapter 13 petition, and a creditor challenged their eligibility, contending that their unsecured debts exceeded the statutory limitation set forth in § 109(e). *In re Wenberg*, 94 B.R. at 632. The bankruptcy court determined that the debtors were ineligible for Chapter 13 relief and that, consequently, it lacked jurisdiction to issue a conversion order. *Id* at 635. The BAP remanded, holding "that § 109(e) eligibility is not jurisdictional" for several reasons, including the statutory text. *Id* at 636-37. Specifically, the BAP noted that § 109 concerns only the "eligibility of debtors for relief," and § 101(12) "defines a 'debtor' as a 'person or municipality concerning which a case *under this title* has been commenced." *Id* at 637 (alteration in original) (quoting 11 U.S.C. § 101(12)). Moreover, the BAP held that the bankruptcy court, on remand, should allow the Chapter 13-ineligible debtors to file a motion to convert their case under § 1307(a). *Id.* If a Chapter 13-ineligible debtor may convert their Chapter 13 case under § 1307(a) (as the dissent impliedly acknowledges), then a Chapter 13-ineligible debtor also may voluntarily dismiss their Chapter 13 case under § 1307(b). There is no significant textual distinction between § 1307(a) and § 1307(b) that would justify treating ineligible debtors differently. *Compare* § 1307(a) (providing that "the debtor may convert a case under this chapter to a case under chapter 7") *with* § 1307(b) (providing that "on request of the debtor . . . the court shall dismiss a case under this chapter").

may move to dismiss or to convert a Chapter 13 case if they believe that the debtor certified their Chapter 13 eligibility in bad faith.**[8]** *See* 11 U.S.C. § 1307(c) (authorizing dismissal or conversion "for cause"); *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 373 (2007) ("Bankruptcy courts . . . routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words 'for cause.'").**[9]**

*\*\*\**

It is undisputed that Powell filed a Chapter 13 petition and certified that he met the eligibility criteria listed in § 109(e). For several months, the bankruptcy court treated his petition as one that commenced a Chapter 13 case. Powell then moved to voluntarily dismiss his Chapter 13 case under § 1307(b).

Although TICO asserts that Powell has conceded his § 109(e) ineligibility, Powell disputes this. But Powell's ultimate eligibility for relief under § 109(e) is not dispositive. Even assuming Powell is actually ineligible for Chapter 13 relief, and that he either made a mistake or acted in bad faith when he certified his eligibility in his petition, his petition presumptively established that he "may be a

---

[8] As we held in *Nichols*, however, a § 1307(c) motion does not "foreclose dismissal under § 1307(b)." 10 F.4th at 964.

[9] We make no comment on whether, under such circumstances, the bankruptcy court would also have the option to strike the petition. In *Zarnel*, our sister circuit remanded three cases consolidated on appeal for the bankruptcy court to determine whether striking or dismissing these cases was appropriate in the first instance. 619 F.3d at 171–72. In all three cases, the bankruptcy court dismissed the petitions. *See In re Zarnel*, No. 06-35189-CGM, ECF No. 47 at 1 (Bankr. S.D.N.Y. October 5, 2010); *In re Elmendorf*, No. 05-55048-CGM, ECF No. 29 at 1 (Bankr. S.D.N.Y. October 5, 2010); *In re Finlay*, No. 06-35274-CGM, ECF No. 34 at 1 (Bankr. S.D.N.Y. October 5, 2010).

debtor" under Chapter 13, such that his filing caused a case to be commenced under Chapter 13, pursuant to § 301(a).**[10]** Under these circumstances, the bankruptcy court correctly concluded that, under § 1307(b), it was required to dismiss Powell's Chapter 13 case without further inquiry. *Nichols*, 10 F.4th at 964.**[11]**

**AFFIRMED.**

---

[10] Under *Scovis*, when a Chapter 13 petition is filed, the bankruptcy court must determine the debtor's eligibility "by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith." *Scovis*, 249 F.3d at 982. TICO does not argue that the bankruptcy court erred when it checked Powell's originally filed schedules.

[11] The dissent implies that this decision effectively requires the bankruptcy court to "*ignore* the falsity and bad faith of the debtor's initial schedules." Dissent at 23. We disagree. As noted above, TICO does not argue that the bankruptcy court erred in its initial review of Powell's petition. Further, we do not decide whether a bankruptcy court has discretion to address bad faith by means other than denying a request for voluntary dismissal under § 1307(b). Although TICO argues that the bankruptcy court abused its discretion by dismissing Powell's case without conducting an evidentiary hearing regarding whether Powell's conduct warranted sanctions or conditions on the dismissal, we do not address that issue because TICO did not make that argument to the BAP, and it does not explain its failure or suggest that there are exceptional circumstances that justify our consideration of these issues. *See Burnett v. Resurgent Capital Servs. (In re Burnett)*, 435 F.3d 971, 975–76 (9th Cir. 2006) ("Absent exceptional circumstances, issues not raised before the BAP are waived."). TICO therefore forfeited the issue, and we decline to address it. *See Kekauoha-Alisa v. Ameriquest Mortg. Co. (In re Kekauoha-Alisa)*, 674 F.3d 1083, 1092 n.2 (9th Cir. 2012) (declining to consider argument that "was not made before the BAP and was therefore forfeited" (citation omitted)).

COLLINS, Circuit Judge, dissenting:

In various "chapters" of the Bankruptcy Code, Congress has established distinct sets of rules for filing and conducting bankruptcy proceedings, and it has prescribed the conditions under which each of these various options may be invoked. Here, the option that the debtor—Jason Philip Powell—invoked was "Chapter 13." That chapter confers a number of distinct rights on debtors proceeding under it, and the one that is relevant here is the debtor's express statutory right, upon request, to have the case dismissed "at any time." 11 U.S.C. § 1307(b). The majority today holds that, so long as the debtor's petition initiating the Chapter 13 proceeding facially supports the view that the debtor was eligible to proceed under Chapter 13, the debtor may later invoke § 1307(b)'s absolute right of dismissal even if the debtor was not *in fact* ever eligible to proceed under Chapter 13, even if the debtor certified his schedules in bad faith, and even if a creditor has first sought to convert the proceeding to one under another chapter. Because I think the majority's conclusion is clearly incorrect, I respectfully dissent.

In relevant part, § 1307(b) provides that "[o]n request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter." 11 U.S.C. § 1307(b). We have held that this "confers upon the debtor an absolute right to dismiss a Chapter 13 bankruptcy case, subject to the single exception noted in the statute itself." *Nichols v. Marana Stockyard & Livestock Mkt., Inc.* (*In re Nichols*), 10 F.4th 956, 964 (9th Cir. 2021). That exception is that the case must not have been converted, under one of the three referenced sections, to a proceeding under a different chapter. *Nichols* held that a bankruptcy court may not invoke its equitable

powers to create additional exceptions to this absolute statutory right. *Id*. at 961–64.

In describing who is eligible to invoke Chapter 13 and the various rights it confers, Congress has specified that "[o]nly an individual with regular income that owes, on the date of the filing of the petition," total secured debts and total unsecured debts that are below certain maximum limits "may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e); *see also id*. § 104(a) (providing for periodic adjustment of these limits). In filing his petition, which was signed under penalty of perjury, Powell stated that he satisfied these limits and was eligible to proceed under Chapter 13. When Powell later sought to dismiss his petition under § 1307(b), one of Powell's creditors, TICO Construction Co. ("TICO"), opposed the dismissal and sought to convert Powell's case to one under Chapter 7 or Chapter 11. In support of the motion, TICO asserted that, acting in bad faith, Powell had not correctly identified his unsecured debts in his petition and accompanying schedules and that, in fact, Powell's total unsecured debts were well in excess of what would allow him to proceed under Chapter 13 in the first place. The bankruptcy court denied TICO's motion and granted Powell's request for dismissal under § 1307(b). The Bankruptcy Appellate Panel ("BAP") affirmed, and TICO timely appealed.

Section 103(j) of the Code states that "Chapter 13 of this title applies only in a case under such chapter." 11 U.S.C. § 103(j). (The other subsections of § 103 similarly specify when the various other chapters of the Code apply.) Here, the particular right conferred by § 1307(b) also specifically applies only when a "debtor" requests dismissal of "a case under this chapter." *Id*. § 1307(b). It seems to me implicit in the language of § 103(j) and § 1307(b) that the various

rights and procedures specified in Chapter 13, including the absolute right of voluntary dismissal under § 1307(b), apply only in a case that is *properly* "under such chapter." That common-sense conclusion is reinforced by the fact that, under § 301(a), a "voluntary case" under a given chapter of the Bankruptcy Code is only authorized to be filed in the first place by "an entity that *may be a debtor* under such chapter." *Id*. § 301(a) (emphasis added). It makes no sense to say that, having specified various eligibility conditions for even proceeding under a particular chapter, the Code nonetheless allows the various rights contained within a given chapter to be invoked by an entity that is ineligible to proceed under that chapter. Accordingly, I would hold that the various rights conferred under Chapter 13, including the right of dismissal under § 1307(b), are available only to a debtor who meets the conditions that § 109(e) specifies must be satisfied before that person "may be a debtor under chapter 13." *Id*. § 109(e).

This reasoning does not mean that these threshold eligibility requirements have *jurisdictional* significance, such that a case must be dismissed (and all actions taken in that case rendered void) if a debtor files a petition under a chapter that the debtor is not actually eligible to invoke. We so held in *Wenberg v. FDIC* (*In re Wenberg*), 902 F.2d 768, 768 (9th Cir. 1990), when we expressly adopted the reasoning of the opinion of the BAP in that case, which had squarely held "that § 109 eligibility is not jurisdictional," 94 B.R. 631, 637 (9th Cir. BAP 1988). The correctness of *Wenberg*'s holding on that point is further amply confirmed by the Supreme Court's more recent caselaw underscoring that a statutory requirement is "jurisdictional only if Congress clearly states that it is." *Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023) (simplified).

But this reasoning *does* mean that, if a debtor who is only eligible to proceed under a given chapter attempts to invoke a particular right that is specific to that chapter, a creditor may oppose that invocation on the ground that the case was not properly filed under that chapter (because the debtor is ineligible to proceed under it) and that the case should be converted to a proceeding under another chapter.[1]   That is exactly what TICO did here.   TICO supported its argument with a substantial showing that Powell's initial schedules accompanying his petition were incorrect and had been submitted in bad faith and that, under the correct facts, Powell's unsecured debt far exceeded § 109(e)'s limits. TICO therefore argued that Powell had never been eligible to proceed under Chapter 13; that he therefore was ineligible to invoke § 1307(b)'s absolute right of dismissal; and that his case should be converted to a case under Chapter 7 or Chapter 11.   The bankruptcy court and the BAP declined to determine whether TICO was factually correct in claiming that Powell was ineligible under § 109(e) to proceed under Chapter 13, because they held that the point was irrelevant and that, even if he was ineligible under § 109(e), Powell could go ahead anyway and exercise the right of voluntary

---

[1] That distinguishes this situation from one in which a debtor ineligible to proceed under Chapter 13 moves to convert the case to one under the *correct* chapter.   *Cf.* Opin. at 16 n.7 (citing 11 U.S.C. § 1307(a)).   Such a conversion out of the wrong chapter to a valid one improperly prejudices no one.   Indeed, the various statutory rights to convert cases between chapters are undoubtedly intended to cover, not just decisions to switch between valid chapters, but also cases mistakenly filed under the wrong chapter.   There is thus no reason to conclude that the ability to convert a case to a correct chapter depends upon having filed under the correct chapter in the first place.   The same cannot be said of special procedural rights under a chapter that an ineligible debtor attempts to invoke to the prejudice of an opposing creditor.

dismissal under § 1307(b). For the reasons I have explained, that holding was in my view clearly incorrect.

In support of its contrary conclusion, the majority notes that, in *Scovis v. Henrichsen* (*In re Scovis*), 249 F.3d 975 (9th Cir. 2001), we held that, in "determining Chapter 13 eligibility under § 109(e)," a debtor's "eligibility should *normally* be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in *good faith*." *Id*. at 982 (emphasis added); *see* Opin. at 13–14. By its terms, *Scovis*'s holding has no application here, given that TICO has asserted that Powell's initial schedules were made in bad faith.[2]

The majority further holds, however, that under *Nichols*, it is irrelevant whether Powell "acted in bad faith when he certified his eligibility in his petition." *See* Opin. at 17. This is a deeply troubling misreading of *Nichols*. Our decision there held *only* that bankruptcy courts may not invoke their equitable powers under the Code to add new non-statutory exceptions that limit the express language of § 1307(b). *Nichols*, 10 F.4th at 963–64. *Nichols* did not hold that, when a court is examining whether the statutory eligibility requirements are met—a task that involves *applying*, not adding to, the statutory text contained in § 109(e)—the court is somehow required to *ignore* the falsity and bad faith of the debtor's initial schedules. Under the majority's opinion, a Chapter-13-ineligible debtor who brazenly falsifies his schedules, so that the debtor at least looks "facially" eligible

---

[2] Moreover, the distinctive circumstances presented here—in which a debtor assertedly ineligible to proceed under Chapter 13 has sought to invoke Chapter 13's dismissal right, all to the prejudice of a creditor and to thwart a conversion of the case—may well call for an exception to the "normal[]" rule announced in *Scovis*.

to proceed under Chapter 13, can then later invoke Chapter 13's absolute right of dismissal when a creditor calls out his false statements and seeks to convert the proceedings to another chapter. *See* Opin. at 13 n.3. That cannot be correct.

I would reverse and remand to the BAP with instructions to remand to the bankruptcy court for further proceedings consistent with these views. I respectfully dissent from the majority's contrary holding.